IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN TOOTLE, | ) | |
|     Plaintiff | ) | No. 1:20-cv-235 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Richard A. Lanzillo |
| CORRECTIONAL OFFICER LONG, | ) | |
|     Defendant | ) | |

STANDING PRACTICE ORDER FOR PRO SE CIVIL RIGHTS CASES

This Order applies to all pro se cases filed alleging violations of a plaintiff's civil rights while incarcerated. The purpose of this Order is to inform the parties, and in particular the pro se plaintiff, of the litigation procedures and responsibilities that commonly arise during the course of a lawsuit.

1. The plaintiff must provide a copy of the entire complaint, including any exhibits and/or attachments for EVERY defendant named in the case. The plaintiff must also provide a completed Marshal 285 form, a Notice of Lawsuit and Request for Waiver of Summons form, and a Waiver form for EVERY defendant. After the court has received all required service documents the complaint will be served by the U.S. Marshal on each defendant.

2. The court cannot investigate the identity and whereabouts of a defendant. The plaintiff must investigate and ascertain the names and addresses of any John or Jane Doe defendants.

3. After the complaint has been served the plaintiff does NOT have to serve a copy of every document he files in the case on each defendant. The plaintiff is only required to send an original to the Clerk of Court for filing and all defendants will be served electronically by the court. If, however, the plaintiff wishes to have proof that a document was received/filed, the plaintiff must send an extra copy of the document

and a self-addressed POSTAGE PAID envelope. The extra copy will be date stamped by the Clerk's Office and returned in the self-addressed postage paid envelope.

4. If the plaintiff needs to change any of the information in his/her initial complaint then s/he may do so by filing an amended complaint. Federal Rule of Civil Procedure 15 allows a plaintiff to file one amended complaint without leave of court if: (1) defendants have not yet filed a responsive pleading; or (2) within twenty-one days after service of a motion under Fed. R. Civ. P. 12(b), (e) or (f). If the plaintiff wishes to file an amended complaint after twenty-one days of any defendant filing a responsive pleading, the plaintiff must file a motion requesting leave to file an amended complaint and must attach the proposed amended complaint. An amended complaint must be complete in itself. It cannot reference (or incorporate by reference) any prior complaint. Any allegations or defendants that appear in the original complaint will be considered dismissed.

5. If a Fed. R. Civ. P. 12(b), (e), or (f) motion is filed, the parties should wait to conduct any discovery until after the motion has been ruled on by the court. If the case survives these motions, then the defendants will file an answer to the complaint in accordance with Fed. R. Civ. P. 12(a)(4).

6. After an answer has been filed, the court will enter a case management order specifying deadlines for discovery and the filing of summary judgment motions under Fed. R. Civ. P. 56.

7. There is no right to counsel in a civil case. In the absence of exceptional circumstances, the court will not grant motions for counsel during the early stages of litigation. General allegations that a case is complex or that the plaintiff is untrained

in the law will not suffice to demonstrate that exceptional circumstances exist. The court is more likely to exercise its discretion to appoint counsel if the plaintiff's case survives summary judgment.

8. Unless the plaintiff is licensed to practice law, s/he cannot represent any other persons or file lawsuits or documents on their behalf.

9. The plaintiff is not permitted to send letters to the judge or otherwise correspond with the judge. Any issue that a party wants to present to the court must be filed with the Clerk in the form of a Motion. All motions must contain a caption that includes the court's name, a title stating the requested relief, and the civil case number (if one has been assigned).

10. The plaintiff is not entitled to free copies even if s/he is proceeding in forma pauperis. If the plaintiff wishes to have copies made of any document that has been filed in his/her case then s/he must include the appropriate amount of funds with the request. The Clerk of Court will provide copies of documents at the rate of ten cents ($0.10) per page for electronic documents.

11. Plaintiff MUST immediately notify the court of any change in his/her address. If the court is unable to communicate with the plaintiff, then s/he will be deemed to have abandoned the lawsuit and it could be dismissed for failure to prosecute.

12. All prisoner civil rights cases are assigned by the Clerk of Court only to a magistrate judge. You will be asked to execute and file with the Clerk's Office a selection form either consenting to the jurisdiction of the magistrate judge or electing to have the case randomly assigned to a district judge. If any party elects to have the case assigned to a district judge, the magistrate judge continues to manage the case by deciding non-dispositive motions and submitting reports and recommendations on

dispositive motions, unless otherwise directed by the district judge. Choosing either option does not affect your right to a jury in cases where you have a right to trial by jury. The United States District Court for the Western District of Pennsylvania strongly encourages your voluntary participation and cooperation in the expanded use of the magistrate judges as judicial officers with full authority to manage and ultimately dispose of civil actions.

13. The Pennsylvania Department of Corrections recently altered the way mail must be delivered to inmates. Pursuant to DC-ADM 803, only mail from the Court or an inmate's own attorney may be mailed to the inmate directly at the prison. All other mail, <u>including mail from opposing counsel</u>, MUST be processed through the Smart Communications facility in St. Petersburg, Florida. The Court does NOT have the authority to alter this procedure in this case or to order opposing counsel to send mail directly to you at the prison. Because of this mandatory procedure, motions, documents, and letters exchanged between inmates and opposing counsel are frequently subject to lengthy delays. Please be mindful of this delay when anticipating a response to your motions, requests for discovery, or other communications with opposing counsel. The Court will work with both parties to extend deadlines, when necessary, to account for any mailing delays.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall serve a copy of this Order on the parties.

FOR THE COURT

Dated: 9/29/2020

Richard A. Lanzillo
United States Magistrate Judge