IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF
PENNSYLVANIA

CIVIL LAW SECTION

------------------------------------x                    1:20-cv-235

Brian Tootle                        :   Civil Action NO._____
          Plantiff,                 :
                                    :   COMPLAINT
                                    :
                                    :
                                    :   JURY TRIAL DEMANDED
CORRECTIONAL OFFICER LONG           :
          Defendant,                :   **RECEIVED**
                                    :
                                    :
------------------------------------x       AUG 1 3 2020

                                         CLERK, U.S. DISTRICT COURT
                                         WEST. DIST. OF PENNSYLVANIA

I. PRELIMINARY STATEMENT

1. This is a civil action by BRIAN TOOTLE, a state prisoner at the State Correctional Institute Forest (SCI @ Forest), against Defendant Correctional Officer Long ("C/O Long") (a Department of Corrections employee, employed at (SCI @ Forest) under 42 U.S.C. & 1983, for the unlawful confiscation and prohibition of his religious literature ("Holy Qur'an") in violation of his First Amendment Right to free exercise of religion under the United States Constitution, and the Religions Land Use and Institutional Persons Act ("RLUIPA").

II. JURISDICTION & VENUE

2. This is a civil action authorized by 42 U.S.C. & 1983 and to redress the derivation, under the color of state law and the rights secured by the Constitution of the United States.

1

3. The Court has jurisdiction over plantiff's claims of violation of federal Constitutional right under 42 U.S.C. §§ 1331(1) and 1343.

### III. PARTIES

4. The Plantiff, Brian Tootle, is and was at all times mentioned herein an inmate of the SCI @ Forest, in custody of the Pennsylvania Department Of Corrections. Tootle is currently confined in SCI @ Forest, Marienville, Pennsylvania.

5. Defendant, Long is a correctional officer at SCI @ Forest, whom is legally responsible for providing security to SCI Forest in general.

6. Defendant, Long is a resident of the Commonwealth of Pennsylvania and is sued in his individual capacity. At all times in this complaint the defendant acted under the color of state law.

### IV. FACTS

7. On May 11, 2019, Plaintiff Tootle was escorted to the Restricted Housing Unit ("RHU").

8. Prior to being escorted to the RHU, Plantiff had an opportunity to pack his own belongings (self packed). Within his (self packed) property was Plantiff's religious literature, his Noble Qur'an and two Mushaf's (the all Arabic Qur'an), accompanied by multiple other religious books. Plaintiff made sure he packed his religious literature because it was the Blessed Month of Ramadan.

9. While in the RHU, Defendant Long refused to inventory Plaintiff's property, however, Long still insisted that Plaintiff sign a property receipt, but Plaintiff refused to sign DG-153 #A138024) because Long refused to give him his religious literature.

10. According to DOC Policy with respect to inmates property in the RHU, inmates are permitted to posses one religious book while in RHU custody. See DOC Policy.

11. Plaintiff requested his religious material several times, but he was denied by Defendant Long his entire time in the RHU.

12. Plaintiff avers, that he is a practicing religious prisoner (Muslim) who is known to follow his Islamic belief and that Defendant Long refused to provide him with his Qur'an violated his right to freely exercise Islam.

13. Plaintiff further avers, that Defendant Long's refusal to give him his religious literature placed a substantial burden on his religious exercise because according to Islamic Creed, The Qur'an is the most important book in Islam and a strongly recommended practice to read and study during the Blessed Month of Ramadan.

## V. COUNT I
### FREE EXERCISE OF RELIGION

14. Plaintif incorporates by reference herein, paragraph 1 through 13 of complaint, as if fully set forth.

15. Defendant Long's refusal to provide Plaintiff with his religious material was deliberate, intentional and without good cause, constitutes a violation of the First Amendment.

(1) The reading/reciting of the Qur'an (especially during the Blessed Month Of Ramadan) is part of the way Plaintiff Tootle practices and expresses his religious beliefs. Therefore, religious literature is a religious exercise, and Defendant Long preventing Plaintiff from doing so violates religion expression.

(2) Defendant Long's refusal to provide Plaintiff with his Qur'an placed a substantial burden on Plaintiff from practicing and expressing his religious belief.

## VI COUNT II
## RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT

16. Plantiff incorporates by reference herein, paragraphs 1-13 of the compleint, as if fully set forth.

17. Defendant Long's unjustified deprivation in refusing Plaintiff's religious material imposed a substantial burden on Plaintiff's right to engage in specific and meaningful acts of religious expression.

## VII RELIEF REQUESTED

18. Wherefore, plaintiff request that this Court grant the following relief:

A. Award compensatory damegas against Defendant Long in the amount of $1,000,000

B. Award punitive damages against Defendant Long in the amount of $1,000,000.

C. A transfer to SCI @ Chester Department of Correctional Institution, or SCI @ Pheonix Department of Correctional Institute, to be free from retaliation as a result of this civil action.

D. Grant such relief as it may appear that plaintiff is entailed.

Respectfully Submitted,

x Brian Tootle

Brian Tootle
SCI Forest
P.O. Box 307
Marienville, PA 16239