IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT

---

BRIAN TOOTLE, :
        Plaintiff, : No. 1:20-CV-0235
         :
         :
         :
         :
CORRECTIONAL OFFICER LONG, :
        Defendant, :

---

MEMORANDA IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT

I. STATEMENT OF THE CASE

    Plaintiff brings this action, pro se, for the alleged "unlawful confiscation and prohibition of his religious literature." (ECF 14, P1). On may 11, 2019, Plaintiff was escorted to the Restricted Housing Unit ("RHU") at SCI-Forest. (ECF 14, P7). Prior to being escorted to the RHU, Plaintiff packed his religious literature, his Noble Qur'an an multiple other religious books. (ECF P8).

    While in the RHU, Plaintiff repeatedly asked Defendant Long to provide him with his Qur'an, but Long refused to. (ECF 14, PP 11-12).

    Because Defendant Long refused to provide Plaintiff with his Qur'an, he "substantially burdened" Plaintiff's sincerely held religious belief in a major tenet of the Islam faith because Muslims may be punished by Allah when they do not read/recite the Qur'an during the Blessed Month of Ramadan.

    Therefore, the reasons stated herein, Defendant Long's Motion to Dismiss should

1

be denied.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to the Federal Rules of Civil Procedures, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the non-movant. Phillip v. County of Allegheny, 515 F.3d 228 (3d Cir. 2008).

This Court must also, liberally construe pro se pleadings more liberally than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## III. ARGUMENT

### A. PLAINTIFF DOES STATE A FIRST AMENDMENT CLAIM

Defendant Long concedes that plaintiff allegations in his Complaint appear to fulfill the two threshold requirements set forth in Dehart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000), with respect to the First Amendment's free exercise clause. (Defendant's Br. at 3). Defendant Long however, in a confusing and unclear way, suggests that Plaintiff failed to allege facts with enough specificity to determine how and when he was denied his literature and that the denial of Plaintiff's religious material may have been related to a legitimate penological interest. Defendant's Br. at 3-5). The Defendant is wrong.

**(1) Religious Material DENIED**

Plaintiff Complaint clearly allege that the entire time that he was in the RHU, he was denied his Qur'an. (ECF) 14, PP 11-12). Therefore, Plaintiff's Complaint does alleges facts with enough specificity to determine how and when Plaintiff was denied his religious literature. Phillips, 515 F.3d at 224.

**(2) Legitimate Penological Interest**

The Defendant further asserts that even if the Plaintiff's rights were impinged,

2

it was reasonable due to restrictions on property in the RHU. This position is abused and inconsistent with DOC Policy.

Inmates are permitted to maintain in their cell any combination of property (including commissary, legal, magazines, newspapers, photos, etc.) that could equal to one (1) records center box. See SCI Forest L-5 Housing Inmate Handbook, pg. 8 Sec J(1)(C). Plaintiff avers that he only had one record center box in his property, and in that box contained his Qur'ans and other religious materials. Therefore, there was no compelling governmental interest in limiting Plaintiff of his religious materials while in the RHU in order to maintain safety, security, and organization. Turner v. Safley, 482 U.S. 78, 89 (1987). Any RHU inmate who misuses his cell contents to cover their cell windows, in cell camera or obstruct the view into the cell in any way will have their cell contents removed, misconduct issued and/or restrictions imposed. See SCI Forest Housing Inmate Hanbook pg. 9 Sec J(1)(f). Here, Plaintiff only had one record center box while in the RHU and there was no justifiable reason for Defendant Long to put limitations on his property because Plaintiff property was consistent with L-5 housing limitations and should have been provided with his religious material. Thus, obvious, easy alternatives exist.

(3) Substantial Burden

Lastly Defendant Long seems to assert that easy alternatives existed, such as Plaintiff fasting, praying, and reciting Surahs at any point, in lieu of him reading/reciting his Qur'an. (Defendant Br. at 1). The Defendant's position is exactly the type of bigotry the First Amendment protects. The Defendant is in no position to say what Plaintiff could have done other than reading/reciting his Qur'an and other religious material.

Plaintiff's Complaint avers that while he was housed in the RHU durinng the Blessed Month of Ramadan. During the Month of Ramadan, Muslims are to fast from sunrise to sunset, and are required to read/recite the Qur'an more than any other act of worship. (ECF 14, P15(1)). When Muslims do not read/recite the Qur'an, or study any other religious literature during Ramadan, they may be punished by Allah. As Ramadan, is also named "The Month of The Qur'an" due to the Qur'an being revealed in the month of Ramadan. Allah said in the Qur'an: The month of Ramadan in which was revealed the Qur'an. Surah 2:185 Therefore, Plaintiff was obligated to read/recite from his Qur'an and other religious materials during Ramadan As such, Defendant's Long denial of Plaintiff's religious material "substantially burdened" his sincerely held religious

belief in a major tenet of the Islamic faith. Defendant Long intentionally deprived Plaintiff's rights to religious exercise. As such, Defendant's motion should be denied.

## B. FAILS TO STATE A CLAIM UNDER RLUIPA

Plaintiff concedes that he has failed to state a claim pursuant to the RLUIPA.

## IV. Conclusion

Plaintiff's Complaint has alleged facts with enough specificity to state a claim under the First Amendment. Defendant Long has violated Plaintiff's constitutional rights to the free exercise of his Islamic faith. Therefore, Plaintiff respectfully request that Defendant Long's Motion to Dismiss Complaint be denied in part and granted on;y with respect to the RLUIPA claim.

Respectfully Submitted,

*Brian Tootle* X

Brian Tootle LS-1066
SCI Forest
P.O. Box 945
Marienville, PA 16239

## CERTIFICATE OF SERVICE

On this 5th day of January, 2021, I hereby certify that the foregoing document titled Memoranad In Support Of Plaintiff's Response To Defendant's Motion To Dismiss Complaint was served upon the United States District Court Western District Of Pennsylvania to the Honorable Richard A. Lanzillo, U.S. Magistrate Judge 17 South Park Row Erie, Pa 16501, by way of U.S. Postal Service.

_Brian Tootle_ X
Brian D. Tootle
LS-1066