IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN TOOTLE, | : |
| | : Civil Action No. 1:20-cv-0235 |
| Plaintiff, | : |
| v. | : |
| | : |
| CORRECTIONAL OFFICER LONG, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendant. | : |

## ANSWER TO COMPLAINT

AND NOW, comes Defendant Long, by his attorneys, Annamarie Truckley, Deputy Attorney General, Justin Gayle, Deputy Attorney General, and the Pennsylvania Office of Attorney General, and files the within Answer to Plaintiff's Complaint (ECF 14) and, in support thereof, avers as follows:

## FIRST DEFENSE

The Answering Defendant responds to Plaintiff's factual allegations[1] as follows:

### I.   Preliminary Statement

1. This paragraph is a summary of the nature of the legal claims asserted herein, to which no response is required. However, to the extent and answer is required, all allegations of fact in this paragraph are denied and strict proof is demanded at trial.

---

[1] On July 9, 2021, this Court issued a Report and Recommendation (ECF 26) granting in part and denying in part Defendant's motion to dismiss. On August 13, 2021 Judge Baxter adopted the Report and Recommendation as the opinion of the Court. (*See* ECF 27). Therein, this Court dismissed Plaintiff's RLUIPA claim. (*See* ECF 26). The only claim remaining is an alleged violation of Plaintiff's Free Exercise of Religion under the First Amendment (Count I). (*See* ECF 26).

## II. Jurisdiction & Venue

2. This paragraph is a conclusion of law with respect to this Court being the proper venue for Plaintiff's claims, to which no response is required. However, to the extent and answer is required, all allegations of fact in this paragraph are denied and strict proof is demanded at trial.

3. This paragraph is a conclusion of law with respect to this Court's jurisdiction over Plaintiff's claims, to which no response is required. However, to the extent and answer is required, all allegations of fact in this paragraph are denied and strict proof is demanded at trial.

## III. Parties

4. Admitted.

5. Admitted in part and denied in part. It is admitted that Defendant Long is a correctional officer at SCI-Forest. It is denied that he is legally responsible for providing security to SCI-Forest in general.

6. Admitted in part and denied in part. It is admitted that Defendant Long is a resident of the Commonwealth of Pennsylvania. However, it is denied as to the remainder of the paragraph and strict proof is demanded at trial.

## IV. Facts

7. Admitted.

8. Denied as stated, but Defendant admits Plaintiff's belongings were "self-packed". The remainder of the paragraph is denied and strict proof is demanded at trial.

9. Denied.

10. Denied as stated. Defendant is unaware of the specific DOC policy Plaintiff is referring to.

11. Denied.

12. This paragraph is a conclusion of law, to which no response is required. However, to the extent an answer is required, this paragraph is denied and strict proof is demanded at trial.

13. This paragraph is a conclusion of law, to which no response is required. However, to the extent an answer is required, this paragraph is denied and strict proof is demanded at trial.

### V.     Count I – Free Exercise of Religion

14. This paragraph is a statement of incorporation and does not require a response.

15. This paragraph is a conclusion of law, to which no response is required. However, to the extent an answer is required, all allegations of fact in this paragraph is denied and strict proof is demanded at trial.

> 1) This paragraph is a conclusion of law, to which no response is required. However, to the extent an answer is required, all allegations of fact in this paragraph is denied and strict proof is demanded at trial.
>
> 2) This paragraph is a conclusion of law, to which no response is required. However, to the extent an answer is required, all allegations of fact in this paragraph is denied and strict proof is demanded at trial.

### VI.    Count II – Religious Land Use and Institutionalized Persons Act

16.-17. Plaintiff's claims under this count have been dismissed. (*See* ECF 26). Therefore, no response is required with regard to this claim. To the extent an answer is required, all allegations of fact in these paragraphs are denied and strict proof is demanded at trial.

### VII.   Relief Requested

18a-d. These paragraphs are conclusions of law to which no response is required. However, to the extent and answer is required, all allegations of fact in these paragraphs are denied, Plaintiff is not entitled to the relief sought, and strict proof is demanded at trial.

**SECOND DEFENSE**

The Complaint fails to state a claim for which relief can be granted.

**THIRD DEFENSE**

Defendant's actions and decisions with respect to Plaintiff were based upon legitimate penological interests, including security concerns and concern for safety of staff and other inmates.

**FOURTH DEFENSE**

At no time has the Defendant, either individually or in concert with others, deprived or sought to deprive the Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

**FIFTH DEFENSE**

Defendant was at all times acting pursuant to duties required or authorized by statute or regulation and therefore said acts were within the discretion granted to Defendant by statute or statutorily authorized by regulations.

**SIXTH DEFENSE**

Defendant was at all times acting in good faith and in an objective, reasonable manner and did not violate any clearly established federal right of Plaintiff. Therefore, he is entitled to qualified immunity and/or qualified good faith immunity from civil damages.

**SEVENTH DEFENSE**

Defendant is entitled to sovereign immunity under both state and federal law.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

**NINTH DEFENSE**

To the extent that Plaintiff asserts state law claims, they are barred by the Pennsylvania Sovereign Immunity Act.

**TENTH DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**ELEVENTH DEFENSE**

Defendant was at all times acting within the scope of his employment.

**TWELFTH DEFENSE**

Defendant lacks the necessary personal involvement required to support liability under 42 U.S.C. §1983.

**THIRTEENTH DEFENSE**

Plaintiff failed to properly exhaust his remedies under the PLRA or has otherwise procedurally defaulted.

**FOURTEENTH DEFENSE**

Defendants reserve any and all defenses set forth at Fed. R.Civ. P. 8(c)(1).

**FIFTEENTH DEFENSE**

Plaintiff was not deprived of any rights under the First Amendment.

**SIXTEENTH DEFENSE**

Defendants reserve the right to amend this Answer as needed or necessary.

WHEREFORE, the Answering Defendant requests that judgment be entered in his favor against the Plaintiff.

                Respectfully submitted,

                JOSH SHAPIRO
                Attorney General

Office of Attorney General       */s/ Annamarie Truckley*
Litigation Section             Annamarie P. Truckley
1521 Waterfront Place         Deputy Attorney General
Mezzanine Level              Attorney I.D. No. 320474
Pittsburgh, PA 15222

                                        Justin A. Gayle
                                        Deputy Attorney General
                                        Scott A. Bradley
                                        Senior Deputy Attorney General
                                        Karen A. Romano
                                        Chief Deputy Attorney General

Date:   November 2, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN TOOTLE, : | |
| : | Civil Action No. 1:20-cv-0235 |
| Plaintiff, : | |
| v. : | |
| : | |
| CORRECTIONAL OFFICER LONG, : | |
| : | |
| Defendant. : | |

## CERTIFICATE OF SERVICE

I, Annamarie Truckley, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 2, 2021, I caused to be served a true and correct copy of the foregoing document titled ***ANSWER TO COMPLAINT*** to the Plaintiff via first-class mail.

**Smart Communications/PADOC**
**Brian Tootle, LS-1066**
**SCI Forest**
**P.O. Box 33028**
**St. Petersburg, FL 3733**
*Pro se Plaintiff*

By: *s/ Annamarie Truckley*
Annamarie Truckley
Deputy Attorney General

Office of Attorney General
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date:  November 2, 2021