IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN TOOTLE, | : | |
| Plaintiff | : | No. 1:20-cv-0235 |
| | : | |
| v. | : | Judge Baxter |
| | : | Magistrate Judge Lanzillo |
| CORRECTIONAL OFFICER LONG, | : | |
| | : | Electronically Filed Document |
| Defendant. | : | |

**DEFENDANT'S STATEMENT**
**OF MATERIAL FACTS NOT IN DISPUTE**

AND NOW comes Defendant Long, by and through his undersigned counsel, and submit the following Statement of Material Facts not in Dispute in support of the Moving Defendant's Motion for Summary Judgment heretofore filed:

1. The underlying events in this matter took place at the State Correctional Institution at Forest ("SCI-Forest"), a prison maintained and operated by the Pennsylvania Department of Corrections ("DOC"). See Complaint (ECF 14). See also http://www.cor.state.pa.us.

**Procedural Background**

2. Plaintiff, Brian Tootle, initiated this lawsuit by filing a Motion for Leave to Proceed *in forma pauperis* on August 13, 2020. (ECF 1).

3. Plaintiff's Complaint was docketed September 29, 2020. (ECF 14).

4. Plaintiff's Complaint alleges Defendant Long violated his rights under the Free Exercise Clause of the First Amendment and his rights protected by RLUIPA. (ECF 14).

5. On December 28, 2020, Defendant Long filed a Motion to Dismiss and Brief in Support. (ECF 21, 22).

6. This Court issued a Report and Recommendation on July 9, 2021, granting in part and denying in part Defendant's Motion. (ECF 26). Therein, this Court dismissed Plaintiff's RLUIPA claim. (*See* ECF 26).

7. On August 13, 2021, the Report and Recommendation was adopted as the Opinion of the Court. (ECF 27).

8. Consequently, Plaintiff's only claim remaining is an alleged violation of Plaintiff's Free Exercise of Religion under the First Amendment. (*See* ECF 26, 27).

**The Plaintiff**

9. Plaintiff, Brian Tootle, is an inmate committed to the DOC. (*See* ECF 14).

10. Relevant to this action, Plaintiff was confined as SCI-Forest. (*See* ECF 14).

11. On May 11, 2019, Plaintiff was confined in the Restricted Housing Unit ("RHU"), following the issuance of a misconduct. See Exhibit A, Misconduct No. D052920.

12. On May 15, 2019, Plaintiff was found guilty of refusing to obey an order and received 15 days in disciplinary custody. See Exhibit A.

**Failure to Exhaust**

13. On May 29, 2019, Plaintiff filed Inmate Grievance No. 804559 related to the misconduct he received on May 11, 2019 and acts of retaliation. See Exhibit C, Inmate Grievance No. 804559.

14. Grievance No. 804559 does not allege the involvement of Defendant Long in any of the alleged acts of retaliation as stated. See Exhibit C.

15. Grievance No. 804559 specifically identifies "Sgt Barger" as the individual who committed the alleged retaliatory acts, but does not identify any others. See Exhibit C.

16. Defendant Long is not identified in any of Plaintiff's appeals. See Exhibit C.

17. In their responses to Plaintiff's appeals, the DOC did not identify Defendant Long nor did they acknowledge any involvement of Defendant Long. See Exhibit C.

18. There is no indication in the Grievance No. 804559 record that prison administrators knew that Defendant Long was involved in the alleged conduct. See Exhibit C.

19. The Pennsylvania Department of Corrections has implemented an Inmate Grievance Process, which is set for in DC-ADM 804 (Inmate Grievance System). See Exhibit D, DC-ADM 804.

20. The DC-ADM 804 mandates that an inmate must complete three steps in the grievance process in order to properly exhaust administrative remedies: 1) filing an Initial Inmate Grievance; 2) filing an Appeal to the Facility Manager; and 3) Filing an Appeal to the Secretary's Office of Inmate Grievances and Appeals. See Exhibit D.

21. Additionally, the DC-ADM 804 requires the inmate to include specific information in the grievance. See Exhibit D.

22. Particularly, in addition to mandating that "[t]he text of the grievance [ ] be legible, understandable, and presented in a courteous manner,"

> [t]he inmate must include a statement of the facts relevant to the claim.
> a. The statement of facts shall include the date, approximate time, and location of the event(s) that gave rise to the grievance.
> **b. The inmate shall identify individuals directly involved in the event(s).**

> c. The inmate shall specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law.
> d. If the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance.

See Exhibit D, at § 1.A.11 (emphasis added).

23. There are no other grievances filed by Plaintiff related to incidents alleged in this action. See Exhibit B, Plaintiff's Grievance History.

24. Ramadan began on the evening of Sunday, May 5, 2019 and ended on the evening of Monday, June 3, 2019.

25. May 11, 2019, Plaintiff was escorted to the RHU and he was released from the RHU on day 13. See Exhibit C; Exhibit E.

26. On May 29, 2019, Plaintiff did not allege any continuing problems with access to religious materials. See Exhibit C.

27. Plaintiff had access to religious materials during Ramadan.

28. The grievance process was available to Plaintiff during this entire period, and he filed a response to Misconduct D052920 on May 15, 2019. See Exhibit C; Exhibit E.

29. Plaintiff was able to pray at all times during Ramadan.

30. Plaintiff was able to fast during Ramadan.

31. Plaintiff was able to practice his religion at all times during the period of Ramadan.

32. In Grievance No. 804559, Plaintiff vaguely mentions "religious material" amidst a list of other circumstances and never uses the word Quran. See Exhibit C.

33. In Grievance No. 804559, Plaintiff alleges that he went to the RHU for something he didn't do. See id.

34. In Grievance No. 804559, Plaintiff alleges that his grandmother almost died of Sepsis. See id.

35. In Grievance No. 804559, Plaintiff alleges that he lost his job. See id.

36. Plaintiff's grievance lacked the specificity necessary for prison officials to perform an investigation. See id.

37. Plaintiff filed Grievance No. 804559 too late for prison officials to perform an investigation. See id.

          Respectfully submitted,

          JOSH SHAPIRO
          Attorney General

|  |  |
|---|---|
| Office of Attorney General<br>Litigation Section<br>1521 Waterfront Place<br>Mezzanine Level<br>Pittsburgh, PA 15222 | *s/ Annamarie Truckley*<br>ANNAMARIE TRUCKLEY<br>Deputy Attorney General<br>Attorney I.D. No. 320474<br><br>Justin A. Gayle, Esq.<br>Deputy Attorney General<br>Karen M. Romano<br>Chief Deputy Attorney General |

Date:  May 2, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| BRIAN TOOTLE, | : | | |
| | Plaintiff | : | No. 1:20-cv-0235 |
| | | : | |
| v. | | : | Judge Baxter |
| | | : | Magistrate Judge Lanzillo |
| CORRECTIONAL OFFICER LONG, | | : | |
| | | : | Electronically Filed Document |
| | Defendant. | : | |

**CERTIFICATE OF SERVICE**

    I, Annamarie Truckley, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 2, 2022, I caused to be served a true and correct copy of the foregoing document titled ***DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE*** to the following:

**via U.S. Mail:**

Smart Communications/PA DOC
Brian Tootle. LS-1066
SCI Forest
PO Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                                     By:   *s/ Annamarie Truckley*
                                                             Annamarie Truckley
                                                             Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date: May 2, 2022