# EXHIBIT

# A

DC-141, Part 4

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**

☐ **30 Day Review**

☒ **90 Day Review**

| DC Number LS1066 | Name Tootle | Facility **FRS** | Date of Review 5/23/2019 | # of Review D052920 |
|---|---|---|---|---|
| **Current Status:** | ☐ **Administrative Custody** | | ☒ **Disciplinary Custody** | |

Date placed in Security Level 5 Housing: 5/11/19

Time Served in DC: 10+ days          AC:

Total Continuous Security Level 5 Housing Time Served: 10+ days

Date of Last Psychological Assessment:

Initial Reason for Confinement:
Mr. Tootle's placement in DC status 5/11/19 was given several direct orders to exit the cell and refused at least 5 times before complying.

Program Review Committee Progress Report and Specific Rationale for Continued Placement or for Transfer:

On 5/23/2019, Mr. Tootle met with PRC regarding his DC sanction, which expires 5/25/19. Mr. Tootle is requesting his job back. PRC informed Mr. Tootle he is released to General Population today and he will not get his job back because he was guilty of a class 1 charge.

Recommendation:
☐ Continue DC  ☐ Move DC to AC  ☐ Continue AC  ☐ Transfer  ☒ Release to Population

| Names of Program Review Committee Members | Signature | Date |
|---|---|---|
| R. Adams, DSCS | *[signature]* | 5/23/2019 |
| J. Sawtelle, DSFM | *[signature]* | 5/23/2019 |
| M. Blicha, Major | *[signature]* | 5/23/2019 |
| D. Perry, UM | *[signature]* | 5/23/2019 |
| K. Cowan, PSS | *[signature]* | 5/23/2019 |
| S. Gatto, UM | *[signature]* | 5/23/2019 |

Facility Manager's Comments and recommendation for Continued Placement, Transfer, or Release to Population:

☐ Continue DC  ☐ Move DC to AC  ☐ Continue AC  ☐ Transfer  ☒ Release to Population

5-30-19                          *[signature]*
Date                          Facility Manager's Signature

## SUPERINTENDENT'S LEVEL
## MISCONDUCT APPEAL

| DC Number | Name | Facility | Misconduct Number | Housing Unit |
|-----------|------|----------|-------------------|--------------|
| LS1066 | Tootle, B | FRS | D052920 | AB2042 |

## GROUNDS FOR APPEAL

☐  a.  the procedures employed were contrary to law, Department directives, or regulations.

☐  b.  the punishment is disproportionate to the offense;

☐  c.  the findings of fact were insufficient to support the decision.

\* \* \* \* \* \* \* \* \* \* \*

## SUPERINTENDENT'S RESPONSE / DECISION

Appeal Received on  7/1/19

☒ RD – Reduce to a Class II
☐ UP – Uphold Hearing Examiner's Decision
☐ SA – Modify Punishment
☐ RM – Remand Rehearing
☐ DP – Dismiss; Permit Recharge
☐ E – Exonerate
☐ S – Reject Any Appeal

Rationale:  **No violations of the DC ADM 801 have occurred. The sanction imposed is proportionate to the misconduct charge.  The evidence presented is sufficient to support the Hearing Examiner's decision.  The misconduct will not be exonerated; however, the Facility Manager/Designee will reduce it to a Class II.**

Superintendent's Signature _____        Date  7-11-19

cc:    PRC
       DC 14
       DC 15
       Inmate Employment
       File

# *AB Unit*

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | **Department of Corrections** |

INSTRUCTIONS
Complete items number 1-8. If you follow
instructions in preparing your request, it can be
responded to more promptly and intelligently

Superintendet

| | |
| --- | --- |
| 1. To: (Name and Title of Officer) <br> Oberlander | 2. Date: 6-25-19     RECEIVED |
| 3. By: (Print Inmate Name and Number) <br> Brian Tootle LG-1066 <br><br> Brian Tootle <br> *Inmate Signature* | JUL 01 2019 <br> SCI Forest <br> Superintendent's Office |

4. Counselor's Name:
   **Ms. Hutchinson**

5. Unit Manager's Name
   **Mr. Heffernan**

| 6. Work Assignment: <br> GLP | Housing Assignment: Unit, Cell and Bed Number <br> AB2a50 |
| --- | --- |

7. **Subject: State your request completely but briefly. Give details.** I am writing in reference to having my level dropped back to a 2, where it was before I went to the RHU. & also having my job restored back to me. The only reason my write up was Class 1 was due to charge #15, which was dismissed. In absence of charge #15, the Shift commander wouldn't have had a reason not to select my misconduct for Informal Resolution Per Dc ADM 801 Section A,1,A,B,C, & 2, As a result I ask that my level be dropped back to a 2, I further request that my job as a UM & Activities Trainer be restored back to me. Per DC ADM 801 Section 4,2,B, "An Inmate found guilty of a class 1 Misconduct (Charge #1 through B including #33) must be removed from his/her job assignment." PRC told me at my hearing when I inquired about my job "due to me catching a class 1 misconduct I automatically lose my job. Which is in contours to DOC Policy itself & due to charge #15 being dismissed & me being found guilty of #35. As a result I ask that my jobs be restored to me that immediately. Misconduct # DO52920 Thank you for your time & consideration in this matter.

8. **Response: (This Section for Staff Response Only)**

| | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
| --- | --- |

STAFF MEMBER NAME _____    DATE _____
                         **Print**                         **Signature**

| DC-141, Part 3<br>Program Review<br>Committee Action<br>☑ Misconduct Appeal     ☐ Periodic Review     ☐ Other | **COMMONWEALTH OF PENNSYLVANIA**<br>**Department of Corrections** | | | |
|---|---|---|---|---|
| DC Number<br>LS1066 | Name<br>TOOTLE, Brian | Facility<br>FRS | Date of Review | No. from DC-141, Part 1<br>D 052920 |

**Program Review Committee's Decision and Rationale**

On 5-11-19, Inmate Tootle was charged with Class I Charge #15 – Threatening an Employee with Bodily Harm and Class I Charge #35 – Refusing to Obey an Order. Inmate Tootle had refused to leave a cell after being given multiple orders to do so. At the time, the officers were placing handcuffs on another inmate that was involved in a fight. Inmate Tootle also made some vaguely threatening statements to the officers ("you better not touch him with OC or else").

On 5-15-19, the inmate plead "Not Guilty" to both charges. The HEX found that a preponderance of evidence supported Charge #35. Charge #15 was dismissed.

Inmate appealed the following area(s):
☒ A. The procedures employed were contrary to law, Department Directives, or regulations.
☐ B. The punishment is disproportionate to the offense.
☐ C. The findings of fact were insufficient to support the decision.

**PRC DECISION:**

Inmate Tootle is appealing the misconduct under area "A", claiming that the procedures employed were unlawful and/or contrary to policy and regulations. The inmate claims that Charge #35 should be reduced to a class 2 and that he should not have to serve DC time for it.

In reviewing all the information, the inmate does not present sufficient evidence to justify his claim. By policy, the HEX may sanction the inmate up to 90 days of DC time per class I charge. In this instance, the inmate received 15 days of DC time for the charge – well within regulatory guidelines.
PRC supports the decision of the hearing examiner.

**I/M has been informed of PRC's decision in writing.**

| Decision Relative to PRC Review | | |
|---|---|---|
| ☐ Continue ☐ Move to AC ☐ Release to GP ☐ Release Cell Restriction ☐ Continue Investigation | | |
| ☐ Release to Control GRP ☐ Release Medical ☐ Release Diag. Center ☐ Release Sent. Complete | | |
| Decision Relative to Hearing Examiner's Verdict | | |
| ☐ Reject  x Uphold ☐ Uphold-Modify ☐ Remand back ☐ Vacate-permit Recharge ☐ Dismiss | | |
| Names of Program Review Committee Members | Signatures | Date |
| I.  Gustafson, CCPM | | 6/17/19 |
| J. Blicha, Major of Unit Management | | 6-13-19 |
| R. Adams, DSCS | | 6/17/19 |
| J. Sawtelle, DSFM | | 6/18/19 |

WHITE - DC-15          YELLOW – INMATE          PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

DELIVERED JUN 1 9 2019

*DC-ADM 802, Administrative Custody Procedures Manual*
*Section 4 – Release from Administrative Custody Status*          *Attachment 4-A*
Issued: 10/22/2013          Effective: 11/19/2013

| DC-141, Part 2 (E) | COMMONWEALTH OF PENNSYLVANIA | | |
| Misconduct Hearing Appeal | | | |

| DC Number | Name | Facility | No. From Part 1 |
|---|---|---|---|
| L5-1066 | Brian Tootle | S.C.I Forest | D052920 |

I was found guilty of misconduct number __35__ on __5-15-19__
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

## Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☐ b. the punishment is disproportionate to the offense; and/or

☐ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s).  It includes the identity of all persons who may have information that may be helpful in resolving this matter.

Misconduct #35 doesn't warrent DC time 15days or a Class 1 misconduct Rather its a class 2, So I request to be released from the RHU & to have the misconduct dropped to a class 2 & to have my jobs restored back to me, And I ask for immediate have time tue the circumstances & Me not being a problematic inmate thank you

__Brian Tootle__                      __5-15-19__
Inmate's Signature                    Date

RECEIVED JUN 1 1 2019

Form DC-141 Part 1
Rev. 12/2017

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

D 052920

☑ MISCONDUCT REPORT     ☐ OTHER     ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| LS1066 | Tootle, BRIAN | FRS | 1100 | 5-11-19 | 5-11-19 |

| Quarters | Place of Incident |
|---|---|
| BA2033 | BA top tier BY BA2033 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| COI | D. BARGER | X | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

Class I #15 Threatening an employee with bodily harm.
#35 Refusing to obey an order

**STAFF MEMBER'S VERSION**

ON the ABove DAte and Appror imate time I was
Assisting In hand cuffing In mate ████████
In BA2033 aster An inmate fight.
Upon Arrival at the cell I gave Inmate Tootle, BRIAN
(LS1066) Several direct orders to exit the cell. He
Resused At least 5 Before complying. While myself
and COI D. BARGER were In the cell hand cuffing
Inmate ████████, Inmate Tootle was outside the
cell stating "You Better Not touch him with
that Stuss (OC) In his eyes. Or else. Don't any
one touch him."

**IMMEDIATE ACTION TAKEN AND REASON** I/m INFORMED OF REPORT. I/m PLACED IN PHC
STATUS PENDING DISPOSITION BY THE HEX DUE TO NATURE
OF REPORT AND CHARGES.

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☑ YES ☐ NO | TIME 1522 | DATE |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION     ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| D Barger / J BARGer COI | CO IV | DATE 05/11/2019   TIME 24 HOUR BASE 1751 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE 5/12/19 | TIME 0800 | ☑ CLASS 1   ☐ CLASS 2 | [signature] COI |

**Notice to Inmate**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have had may be revoked.

WHITE - DC-15          YELLOW -- Inmate          PINK – Reporting Staff Member

| DC-141 Part 2B | | COMMONWEALTH OF PENNSYLVANIA | | | |
| --- | --- | --- | --- | --- | --- |
| Rev. 6-84 DISCIPLINARY HEARING REPORT | | DEPARTMENT OF CORRECTIONS | | | |
| DC Number LS1066 | Name TOOTLE | Facility SCI-FRS | Hearing Date 5-15-19 | Hearing Time 0850 | No. from Part 1 D052920 |

| INMATE PLEA | ☐ Guilty ☒ Not Guilty | ☐ No Plea ☐ Other | Verdict | ☒ Guilty ☐ Not Guilty |
| --- | --- | --- | --- | --- |

### HEARING ACTION

CHARGES    #15    #35

---

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Inmate Tootle pleads not guilty to both charges.

Inmate states his cellie came in with O.C. in eyes he heard his cellie saying "don't touch me"; he responded by repeating "don't touch him."

HEx believes the officers' report over the inmates' not guilty plea that the inmate did refuse orders to exit the cell after an incident that involved his cellie and they were trying to cuff him up. Inmate eventually exited the cell. A preponderance of evidence exists to support charge #35.

Guilty #35 - 15 d DC eff. 5/11/19

Dismiss #15

| | | |
| --- | --- | --- |
| ☒ YES ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☒ YES ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | (NONE) SEE APPENDICES ☐ |
| ☒ YES ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☒ YES ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
| --- | --- |
| L. Fiscus | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

**WHITE - DC-15**       **YELLOW - Inmate Cited**       **PINK - Staff Member Reporting Misconduct**       **GOLDENROD - Deputy Superintendent**

# EXHIBIT

# B

| Reentrant Name | Reentrant # | Grievance # | Facility | Category | Status | Received Date |
|---|---|---|---|---|---|---|
| TOOTLE, BRIAN | LS1066 | 550366 | CAMP HILL | Act 84 | 1st Rejection | 2/9/2015 |
| TOOTLE, BRIAN | LS1066 | 573406 | FOREST | Conditions | Withdrawn | 6/29/2015 |
| TOOTLE, BRIAN | LS1066 | 638789 | FOREST | Problems with Staff-Officers | 1st Rejection | 8/15/2016 |
| TOOTLE, BRIAN | LS1066 | 672853 | FOREST | Conditions | Initial Response Comp | 4/12/2017 |
| TOOTLE, BRIAN | LS1066 | 700963 | FOREST | Phone | 1st Rejection | 10/12/2017 |
| TOOTLE, BRIAN | LS1066 | 707328 | FOREST | Phone | SOIGA Response Comp | 11/20/2017 |
| TOOTLE, BRIAN | LS1066 | 713163 | FOREST | Phone | 1st Rejection | 12/28/2017 |
| TOOTLE, BRIAN | LS1066 | 743895 | FOREST | Religion | Initial Response Comp | 6/28/2018 |
| TOOTLE, BRIAN | LS1066 | 762783 | FOREST | Smart Communications | Initial Response Comp | 10/4/2018 |
| TOOTLE, BRIAN | LS1066 | 773226 | FOREST | Phone | SOIGA Response Comp | 11/28/2018 |
| TOOTLE, BRIAN | LS1066 | 795166 | FOREST | Problems with Staff-Officers | SOIGA Response Comp | 4/5/2019 |
| TOOTLE, BRIAN | LS1066 | 804559 | FOREST | Retaliation | SOIGA Response Comp | 6/3/2019 |
| TOOTLE, BRIAN | LS1066 | 822038 | FOREST | Phone | Initial Response Comp | 9/11/2019 |
| TOOTLE, BRIAN | LS1066 | 855694 | FOREST | Due Process | SOIGA Response Comp | 3/16/2020 |
| TOOTLE, BRIAN | LS1066 | 858584 | FOREST | Problems with Staff-Officers | SOIGA Response Comp | 3/30/2020 |
| TOOTLE, BRIAN | LS1066 | 862245 | FOREST | Retaliation | FM Response Comp | 4/14/2020 |
| TOOTLE, BRIAN | LS1066 | 865676 | FOREST | Discrimination | SOIGA Response Comp | 5/1/2020 |
| TOOTLE, BRIAN | LS1066 | 867297 | FOREST | Retaliation | SOIGA Response Comp | 5/11/2020 |
| TOOTLE, BRIAN | LS1066 | 867934 | FOREST | Retaliation | SOIGA Response Comp | 5/18/2020 |
| TOOTLE, BRIAN | LS1066 | 881367 | FOREST | Food | Initial Response Comp | 8/3/2020 |
| TOOTLE, BRIAN | LS1066 | 894197 | FOREST | Problems with Staff-Officers | SOIGA Response Comp | 10/15/2020 |
| TOOTLE, BRIAN | LS1066 | 927428 | FOREST | Religion | Initial Response Comp | 5/20/2021 |
| TOOTLE, BRIAN | LS1066 | 936712 | FOREST | Problems with Staff-Unit Management | SOIGA Response Comp | 7/20/2021 |

# EXHIBIT

# C

2019

1 of 2

## Secretary's Office of Inmate Grievances & Appeals

Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information associated with your intent to appeal a grievance (identified below, if available) to final review, to communicate your concern(s) to the Secretary's Office of Grievances and Appeals, and/or to check the status of review related to your matter.

| Inmate Name: | Brian Tootle | Inmate Number: | LS1066 |
|---|---|---|---|
| SCI Filed at: | Forest | Current SCI: | Forest |

| Grievance # (if available): | 804559 |
|---|---|

| | | |
|---|---|---|
| | | a) You have already received final disposition/review on this issue through this Office. |
| | | b) This Office has no prior record of receipt of an appeal from you regarding this issue. |
| | | c) You have already filed a grievance to seek review and resolution of this matter. |
| | | d) You are encouraged to work through institutional channels to resolve your complaint initially.  If unable to resolve your complaint informally, be advised that DC-ADM 804 provides a mechanism for all inmates to seek formal resolution for concerns. |
| | | e) You failed to provide the official grievance number for identification purposes. |
| | | f) Your claim to have grieved and/or appealed this concern at the institutional level without response does not entitle you to direct appeal to final review.  Rather, contact the Grievance Coordinator or Facility Manager's office regarding the status of your appeal. |
| | | g) You have not yet appealed this issue to the Facility Manager.  Final review will not be granted until you do so.  Upon receiving a response from the Facility Manager at the respective facility, you may once again submit a timely written appeal to this Office for final review.  Be sure that your appeal to this office includes **all** the necessary documents as outlined in DC ADM 804.  If **all** documents are not received with your appeal, it may be dismissed.  This response does not grant you a right to an appeal if it would otherwise have been untimely to pursue that appeal to the Superintendent. |
| | X | h) Your grievance and/or correspondence is being filed without further action for the reason(s) specified in the Comments/Action Taken section below. |
| | | i) The following action has been taken in response to the inquiry, request, or concern communicated in your letter. |

| *Comments/Action Taken:* |
|---|
| **I am in receipt of your letter submitted to this office dated 10/14/19 in which you state that you have yet to receive a Final Review response for the above referenced grievance number. Review of our tracking system shows that a response was completed and sent to you at SCI Forest on 08/29/19. Enclosed you will find a courtesy copy for your records.** |

| Signature: | Amanda West | Title: | Grievance Review Officer |
|---|---|---|---|
| Date: | 10/30/2019 | | |

AMW/TAW

cc:    DC-15/Superintendent FRS
       Grievance Office

13109
FRS

Inmate ID Verified
Keely
Housing Unit SO's Signature
Date 10-14-19

October 14,2019

Brian Tootle

LS-1066

SCI Forest

P.O.Box 307

Marienville, PA 16239

Secretary's Office
Inmate Grievances & Appeals

OCT 2 3 2019

RE:GRIEVANCE #804559

Keri Moore

Chief, Secretary's Office of Inmate Grievance and Appeals

Department of Corrections

1920 Technology Parkway

Mechanicsburg, PA 17050

Dear MS Keri Moore,

        I am writing this letter seeking the status of grievance #804559.
I forwarded the said grievance to your office on August 19,2019. However,
my appeal is dated for August 17,2019. This grievance consisted of
nineteen documents/exhibits.

    I am concerned, about your office receiving
my grievance or not. Due to me sending you my grievance #795166 on
September 6,2019. <u>Two weeks after I sent grievance #804599.</u>

If your office did not receive my grievance, I respectfully ask, that you
allow me to re submit my grievance without it being dismissed. In doing
so you will safeguard me from being prejudiced in my appeal proceeding.

    As I was with regards to my grievance #773226. Which you dismissed, due
to me failing to provide your office with a legible copy of my first
initial grievance. Which I did, but this jail intercepted it. Thus my
grievance was dismissed.

As a result of the stated circumstances, I ask that you give me a update
on the said grievance, so that I'll know how to proceed. Thank you for
your time and consideration in this matter.

                                        X x  Brian Tootle



# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

08/29/2019 12:37

| Inmate Name: | TOOTLE, BRIAN | DOC #: | LS1066 |
|---|---|---|---|
| SCI Filed: | Forest | Current SCI: | Forest |
| Grievance #: | 804559 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

## Decision:Uphold Response

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

This office is in receipt of your appeal and has reviewed all relevant documents. In your grievance, you ultimately claim that you were issued a misconduct report in retaliation for grievances that you had filed. You assert that while in the RHU for 13 days, you were without religious materials, you lost your job, and you had family health issues. You seek monetary relief.

A review of the records reflects that there is nothing further to add to the responses provided. The misconduct report itself will not be addressed via the Grievance System. It appears that you were found guilty of one of the charges on the misconduct report. This negates any claims of retaliation. When inmates violate prison rules, there are certainly consequences. Loss of job and not having access to everything they possessed in general population can certainly happen. Based on the review, your appeal and any requested relief is denied.

| Signature: | *Keri Moore for* |
|---|---|
| Name: | D. Varner |
| Title: | Chief Grievance Officer |
| Date: | 08/29/19 |

CC: DC-15/Superintendent - Forest
Grievance Office

2019

## *Secretary's Office of Inmate Grievances & Appeals*
## Final Review
DC-ADM 804, Inmate Grievance System

| Inmate Name | Brian Tootle | Inmate # | LS1066 |
|---|---|---|---|
| Grievance # | 804559 | Due Date | 10/10/19 |
| SCI Filed At | FRS | Category | |

Staff's Title/Signature: _____    Date: _____

10/10
FRS

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
804551

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Ms. Rhear | SCI Forest | May 29,2019 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| Brian Tootle LS-1066 | Brian Tootle | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | Secretary's Office |
| | AB205D | Inmate Grievances & Appeals |

AUG 28 2019

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

1)Retalitory Conduct: In violation of my 1st Amendment right of the U.S. Const. And also, Rauser v. Horn 241 F.3d 530 (3rd Cir 2001) $300,000

2)Infringement Upon Exercising My Religion: In violation of my 1st Amendment right of the U.S. Const. $1,000,000.

3)Pain & Suffering: In violation of my 1st Amendment right, Rauser, Allah v. Sieverling 229 F3d 220,224-224-225 (3rdCir) $1,000,000.

4)Loss of Job & Higher Pay: In violation of Rauser v. Horn $300,000.

5)I seek a transfer to SCI Chester, to be free from any further Retalitory Conduct.

In failure to resolve such issues, & or any further retaliation will result in me seeking legal & judicial assistance. Per DC ADM 804.

B. List actions taken and staff you have contacted, before submitting this grievance.

I spoke with, B-Block Counselor Mr. James, B-Block Unit Manager MS. Best,C/O Sharh, C/O Akers, C/O Long, Capt Setnec, Sgt Wilson, SCI Forest Phone Coordinator, C/O Lowe, & Ispoke. to plus wrote Superintendent Overlander.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

LKreher                                                    6-3-19

Signature of Facility Grievance Coordinator                        Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

Page 1 of 2

804559

Initial Inmate Grievance

May 29,2019

Brian Tootle
LS-1066

Facility
SCI Forest                        <u>Arguemen page #2</u>
This Grievance is for SCI Forest Administration and Staff as follows,

Superiintendent Overlander, Unit Manager L Best,This Phone Coordinator,
C/O Ganary, and Sgt J Barger, and B/O C/OcLpergspibe RHU BNbfStaff
                        C/O Long,,plus all RHU Staff.

On May 11,2019, I was escorted to the RHU. Sgt J.Barger lied on
me, charging me with Charge #15 & #35. Such assertion resulted
in a sanction of dismissel of charge #15 & guilty of charge #35.
Which I received 15day RHU time for.

I was released from the RHU on day 13. Such lie From J Barger
was in retiliation for the previous grievances I filed against
this administration, see(grievance #773226 and #795166). Such
retaliation caused me severe pain, misfortune and traumatized me.

Firstly I went to the RHU for something I didn't do, & the day
before I went I found out my granmother almost died from Sepcis,
while in the RHU I received none of my property except the basics,
none of my religious material while this is month of Ramadan,
my appeal got denied also, and I lost my job as Unit Maintenance
worker & Activities Trainer.

As a result of such devistating curcumstances & retalitor conduct,
I seek the following relief of Monetary Damages, see page #1 of 2.
Thank you for your time and consideration in this matter.



# Initial Review Response

SCI Forest
286 Woodland Dr Po Box 307
Marienville, PA, 16239-0307

06/22/2019 09:42

| Inmate Name: | TOOTLE, BRIAN | DOC #: | LS1066 |
|---|---|---|---|
| Facility: | Forest | Unit Location: | A / B 2050 |
| Grievance #: | 804559 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision: Grievance Denied**
It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

In this grievance the inmate alleges that he received a misconduct as retaliation for past grievances. To amend for this alleged conspiracy he wants $1,000,000, his job back at a higher pay rate, and an immediate transfer to SCI Chester. This grievance is denied. As a result his demand for relief is also denied. The inmate did receive a misconduct. He was found guilty by the HEX and received a sanction that falls within guidelines. He appealed it and the sanction was upheld. This indicates that he was guilty of the charge and was held accountable for his actions. Regardless of the amount of grievances an inmate files, they are still liable for their actions and subject to the same rules as any other inmate.

| Signature: | |
|---|---|
| Name: | Todd D Heffernan |
| Title: | |
| Approver: | Lisa A. Reeher |
| Date: | |

CC: Facility Grievance Coordinator
DC-15

بِسْمِ اللهِ الرَّحْمَنِ الرَّحِيمِ

Inmate ID Verified

Housing unm CO's Signature
Date 7/7/19  moore

<u>SCI FOREST</u>
APPEAL TO FACILITY MANAGER/DESIGNEE
<u>GRIEVANCE</u>

RECEIVED
JUL 11 2019
SCI Forest
Superintendent's Office

July 7, 2019

Brian Tootle
LS-1066

Hoousing Unit-AB2050
5
Grievance#804509

I received my initial response from unit manager Hefferman on June 25, 2019 and have the follow issues.

Mr. Heffeman erred in denying my grievance, and he also misinterpreted the relief I seek. See(my initial grievance pg 1 0f 2), also see(initial review response). He asserts, due to me being found guilty of charge #35 necessitates that I am in fact guilty of charge #15. The Hex herself found fault with charge #15 which is why she dismissed it. I agree that I should be held accountable for my actions, however I can't be held accountable for charge #35 or #15 which I did not do. As a result of the surrounding circumstances, the retaliation a become clear.

The core of SCI Forest administration retaliating against me, is me implementing DC-ADM 804. See (Grievance #773226 & #795166). I had just talked to Superintendent Oberlander May 9, 2019, in reference to grievance 795166. Which I tried to place in his hand. However, he told me to put it in the grievance box.
Two days later I received a class 1 misconduct. If this wasn't retaliation, then what was the reason for depriving me of my property while in the RHU, specifically my religious material?? It's known that I am very attentive to my religion. So by denying me such a significant practice during the sacred month of Ramadan, was a devastating blow to me. Along with learning about my grandmother having Sepsis a day before I went to the RHU, plus having my pcra denied while in the RHU. I also had my job as Unit Maintenence Worker, and Activities Worker removed from me. Which is contrary to policy, due to me not being found guily of charge #1 - #33. See(DC-ADM 801, Section B.2.: "An inmate found guilty of a class 1

1 of 2

Misconduct (charges #1 through #33) may be removed from his/her job."
This intentional abuse of discration further proves plus strengthens
my claims, that this administration is in fact retaliating against
me. Such circumstance scared plus traumatized me as a result I seek
the following relief.

1)RETALITORY CONDUCT,$300,000.
2)INFRINGEMENT UPON ME EXERCISING MY RELIGION,$1,000,000.
3)PAIN & SUFFERING $1000,000.
4)LOSS OF JOB & HIGHER PAY $300,000.
5)I seek a transfer to SCI CHESTER, TO BE FREE FROM ANY FURTHER
RETALITORY CONDUCT.

Thank you for your time and consideration in this matter.

CC:B.T.

Respectfully
Submitted,
X Brian Tootle
Brian Tootle
LS-1066

2 of 2



# Facility Manager's Appeal Response

SCI Forest
286 Woodland Dr Po Box 307
Marienville, PA, 16239-0307

08/01/2019 04:20

| | | | |
|---|---|---|---|
| Inmate Name: | TOOTLE, BRIAN | DOC #: | LS1066 |
| Facility: | Forest | Unit Location: | A/B 2042 |
| Grievance #: | 804559 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision: Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

Mr. Tootle has appealed the initial response that he received for this grievance to the Facility Manager. On appeal, he states that the grievance officer asserts, due to him being found guilty of charge #35 necessitates that he is in fact guilty of charge #15. He states that he agrees that he should be held accountable for his actions but can't be held accountable for charge #35 or #15 which he did not do. He states that the administration is retaliating against him for filing grievances and he was issued a misconduct 2-days after he tried to put a grievance in the Superintendent's hand and was told that he had to place it in the grievance box.

Upon reviewing your official inmate grievance, the initial response, and your subsequent appeal, the Facility Manager/Designee finds that on appeal you have not submitted any new evidence to substantiate your claims that you are being retaliated against. With regard to the issue on appeal regarding a misconduct and the associated charges, The DC-ADM 804 Section 1.A.7 clearly states that, "Issues concerning a specific inmate misconduct charge, conduct of hearing, statements written within a misconduct and/or other report, a specific disciplinary sanction, and/or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through Department policy DC-ADM 801, "Inmate Discipline." Therefore, those issues will not be addressed in the appeal. The initial response thoroughly addressed the issues raised in your grievance.

Therefore, for the reasons stated above, this grievance appeal is denied and the initial response is upheld. Requested relief is denied.

| | |
|---|---|
| Signature: | |
| Name | D. Oberlander |
| Title: | Facility Manager |
| Date: | 8-1-19 |

CC: DC-15
      File

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**                              Issued: 1/26/2016  Effective: 2/16/2016

LS1066     Grievance #: 804559

<u>SCI FOREST</u>

<u>APPEAL TO FINAL REVIEW</u>

<u>GRIEVANCE</u>

BRIAN TOOTLE                                        AUGUST 17, 2019

LS-1066                                        HOUSING UNIT-AB2042

                                        GRIEVANCE #804559

I received the Facility Manager's response on August 5,2019, and I
have the following issues.

Superintendent Oberlander response is <u>INVALID</u>! Thus it cannot be
upheld!. Such response is in violation of <u>DC-ADM 804 SECTION 2.A.</u>
"<u>THE GRIEVANCE OFFICER , AND OR STAFF MEMBER INVOLVED IN OR NAMED</u>
<u>AS THE SUBJECT OF THE GRIEVANCE MAY NOT BE DESIGNATED TO ADDRESS</u>
Therefore his response cannot be entertained let along upheld. On May
11, 2019, I was escorted to the RHU. Do to Sgt J.Barger fabrication of
facts, See (EXH 1). Such fabrication of documents was in retaliation the
previous grievances I submitted, as a result of this administration
misconduct and unethical behavior,see (GRIEVANCE #773226 & 795166).
Oberlander relies on DC- ADM 804 SEC 1.A.7. see (Facility Manager's
Appeal Response). His argument is misplaced. My grievance is not about
the misconduct charge or conduct of the hearing in a nutshell. Rather,
my grievance is based on the intentional retaliation, which brought
about the false charges, which led to my pain and suffering and
inconvience! On May 15,2019 I was found guilty of charge #35 & #15 was
dismissed, see (EXH 2). On May 23,2019, I met with PRC and was released
to population without my job, see (EXH 3 & 4). The surrounding
circumstances a make the retaliation clear. Two days before I went to
the RHU I tried to give Oberlander my Appeal grievance #795166, he told
me to put it in the grievance box, two days later I was escorted to the
RHU. This was a traumatizing and very painful and emotional event that I
suffered to. Due to it taking place in <u>RAMADAN</u> a blessed month that I
was looking forward to since last year. Further evidence which proves
retaliation, is the RHU staff not providing me with any of my religious
material or my property during my 13days in the RHU. Thus infringing
upon me exercising my religion. MY PCRA was also denied while in the

RHU, and I learned that my grand mother almost died from Sepcis a day
before I went to the RHU. Such events caused me severe stress, pain,
anxiety, and traumatized me. I further was removed from my job due to
being found guilty of charge #35. In violation of DC-ADM 801 SEC 4.2.B.
See (EXH 5-6), I wrote Oberlander to have my write up dropped to a class
2, and also to have my job restored. He dropped my write up but ignored
my job. Thus I wrote Inmate employment and received the documented
response, see (EXH 7-8). Thus I am still being subject to retalitory
conduct to this day. See (Newly Discovered Evidence EXH 1-2), inmate DN-
0518 was charged with #17 #29 #33 and #35. Charge #17 & #35 was
dismissed and he was found guilty of #29 & #33. Two charges that subject
a inmate to job loss and RHU time, according to DC-ADM 801 Sec 4.2.B.
However he received a reprimanded warning & 15days c/r. However I was
found guilty of charge #35 and received 15day in the RHU and loss of job
clear retaliation. Note that inmate employment hired me as pm kitchen
worker, which I didn't request, and could't fulfill due to me currently
representing my self in my PCRA proceeding, which I made UM Hefferman
aware of.

As result of the stated circumstances, I seek the following relief,
1)RETALITORY CONDUCT, $300,000, 2)INFRINGEMENT UPON ME EXERCISING MY
RELIGION, $1,000,000. 3)PAIN AND SUFFERING, $1,000,000. 4)LOSS OF JOB
AND HIGHER PAY, $300,000. 5)I SEEK A TRANSFER TO SCI CHESTER, TO BE SAFE
FROM ANY FURTHER RETALITORY CONDUCT.

                                        Respectfully
                                        Submitted,

CC: B.T.                                X Brian Tootle
                                        Brian Tootle LS-1066

CL-3Y
MH-A                              Exh 1                                    X

| Form DC-141 Part 1<br>Rev. 12/2017 | **COMMONWEALTH OF PENNSYLVANIA**<br>**DEPARTMENT OF CORRECTIONS** | | | | **D 052920** | |
|---|---|---|---|---|---|---|

☑ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number<br>LS1066 | Name<br>Tootle, BRIAN | Institution<br>FRS | Incident Time 24 Hr. Base<br>1100 | Incident Date<br>5-11-19 | Date of Report<br>5-11-19 |
|---|---|---|---|---|---|

| Quarters<br>BA2053 | Place of Incident<br>BA top tier BY BA2033 |
|---|---|

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| C.O. | D. BARGER | X | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

Class I #15 Threatening an employee with bodily harm.
#35 Refusing to obey an order

**STAFF MEMBER'S VERSION**

ON the ABove DATE and APProximate time I was
ASSisting in hand cuffing Inmate ▬▬▬▬▬▬▬
IN BA2033 after an Inmate fight.
   Upon arrival at the cell I gave Inmate Tootle, BriaN
(LS1066) Several direct orders to exit the cell. He
Refused At least 5 Before complying. While myself
and C.O. D. BARGER were in the cell hand cuffing
Inmate ▬▬▬▬▬. Inmate Tootle was outside the
cell stating "You Better not touch him with
that stuff (OC) In his eyes. Or else. Don't any
one touch him."

**IMMEDIATE ACTION TAKEN AND REASON** I/m informed of report. I/m placed in DHC
status pending disposition by the hex due to nature
of report and charges.

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| | **IF YES** | | |
| ☑ YES<br>☐ NO | TIME<br>1522 | DATE | |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION    ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER<br>SIGNATURE AND TITLE<br>D. Barger, Sergeant    CO I+ | ACTION REVIEWED AND APPROVED BY<br>RANKING C.O. ON DUTY  SIGNATURE  AND TITLE<br>CO I+ | DATE AND TIME INMATE GIVEN COPY<br>DATE 05/11/2019   TIME 24 HOUR BASE 1751 |
|---|---|---|

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE<br>5/12/19 | TIME<br>0800 | ☑ CLASS 1    ☐ CLASS 2 | CO I+ |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE – DC-15                    YELLOW – Inmate                    PINK – Reporting Staff Member

**DC-ADM 801, Inmate Discipline Procedures Manual**                    **Attachment 1-B**
**Section 1 – Misconducts/Rule Violations**
Issued: 12/1/2017
Effective: 12/1/2017

Exh 2

| DC-141 | Part 2B | COMMONWEALTH OF PENNSYLVANIA | | | | |
|---|---|---|---|---|---|---|
| Rev. 6-84 | | DEPARTMENT OF CORRECTIONS | | | | |
| DISCIPLINARY HEARING REPORT | | | | | | |

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| LS1066 | TOOTLE | SCI TKS | 5-15-19 | 0850 | D052920 |

| INMATE PLEA | ☐ Guilty  ☒ Not Guilty | ☐ No Plea  ☐ Other | Verdict | ☒ Guilty  ☐ Not Guilty | |
|---|---|---|---|---|---|

## HEARING ACTION

CHARGES          #15          #35

## FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Inmate Tootle pleads not guilty to both charges.

Inmate stated his cellie came in with CO [illegible] he heard his cellie saying "don't touch me", he responded by repeating "don't touch h[illegible]."

HEx believes the officers' report over the inmates not guilty plea that the inmate did refuse orders to exit the cell after an incident that involved his cellie and they were trying to cuff him up. Inmate eventually exited the cell. A preponderance of evidence exists to support charge #35.          GUILTY #35 — 15 d DC eff. 5/11/19

DISMISS #15

| | | |
|---|---|---|
| ☒ YES  ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | (NONE) |
| ☒ YES  ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES |
| ☒ YES  ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | ☐ |
| ☒ YES  ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| L. FISCUS | *[signature]* |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

Exh.3

 AB 2050

DC-141, Part 4

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**

☐ **30 Day Review**

☒ **90 Day Review**

| DC Number | Name | Facility | Date of Review | # of Review |
|-----------|------|----------|----------------|-------------|
| LS1066 | Tootle | FRS | 5/23/2019 | D052920 |

| Current Status: | ☐ Administrative Custody | ☒ Disciplinary Custody |
|-----------------|--------------------------|------------------------|

Date placed in Security Level 5 Housing: 5/11/19

Time Served in DC: 10+ days        AC:

Total Continuous Security Level 5 Housing Time Served: 10+ days

Date of Last Psychological Assessment:

Initial Reason for Confinement:
Mr. Tootle's placement in DC status 5/11/19 was given several direct orders to exit the cell and refused at least 5 times before complying.

Program Review Committee Progress Report and Specific Rationale for Continued Placement or for Transfer:
On 5/23/2019, Mr. Tootle met with PRC regarding his DC sanction, which expires 5/25/19. Mr. Tootle is requesting his job back. PRC informed Mr. Tootle he is released to General Population today and he will not get his job back because he was guilty of a class 1 charge.

Recommendation:
☐ Continue DC   ☐ Move DC to AC   ☐ Continue AC   ☐ Transfer   ☒ Release to Population

| Names of Program Review Committee Members | Signature | Date |
|-------------------------------------------|-----------|------|
| R. Adams, DSCS | | 5/23/2019 |
| J. Sawtelle, DSFM | | 5/23/2019 |
| M. Blicha, Major | | 5/23/2019 |
| D. Perry, UM | | 5/23/2019 |
| K. Cowan, PSS | | 5/23/2019 |
| S. Gatto, UM | | 5/23/2019 |

Facility Manager's Comments and recommendation for Continued Placement, Transfer, or Release to Population:

☐ Continue DC   ☐ Move DC to AC   ☐ Continue AC   ☐ Transfer   ☒ Release to Population

5-30-19
_____        _____
Date                            Facility Manager's Signature

***DC-ADM 801, Inmate Discipline Procedures Manual***
***Section 6 – Disciplinary Custody Status Inmates***                    ***Attachment 6-B***
Issued: 2/6/2014
Effective: 2/13/2014

Exh. 4.   A-B-2199-00

| DC -141, Part 3 | | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|---|
| Program Review Committee Action | | Department of Corrections | | | |
| ☑ Misconduct Appeal | | ☐ Periodic Review | ☐ Other | | |
| DC Number LS1066 | Name TOOTLE, Brian | Facility FRS | Date of Review | No. from DC-141, Part 1 D 052920 | |

**Program Review Committee's Decision and Rationale**

On 5-11-19, Inmate Tootle was charged with Class I Charge #15 – Threatening an Employee with Bodily Harm and Class I Charge #35 – Refusing to Obey an Order. Inmate Tootle had refused to leave a cell after being given multiple orders to do so. At the time, the officers were placing handcuffs on another inmate that was involved in a fight. Inmate Tootle also made some vaguely threatening statements to the officers ("you better not touch him with OC or else").

On 5-15-19, the inmate plead "Not Guilty" to both charges. The HEX found that a preponderance of evidence supported Charge #35. Charge #15 was dismissed.

Inmate appealed the following area(s):

☒  A.  The procedures employed were contrary to law, Department Directives, or regulations.
☐  B.  The punishment is disproportionate to the offense.
☐  C.  The findings of fact were insufficient to support the decision.

**PRC DECISION:**

Inmate Tootle is appealing the misconduct under area "A", claiming that the procedures employed were unlawful and/or contrary to policy and regulations. The inmate claims that Charge #35 should be reduced to a class 2 and that he should not have to serve DC time for it.

In reviewing all the information, the inmate does not present sufficient evidence to justify his claim. By policy, the HEX may sanction the inmate up to 90 days of DC time per class I charge. In this instance, the inmate received 15 days of DC time for the charge – well within regulatory guidelines.
PRC supports the decision of the hearing examiner.

I/M has been informed of PRC's decision in writing.

| Decision Relative to PRC Review | | | | |
|---|---|---|---|---|
| ☐ Continue  ☐ Move to AC  ☐ Release to GP  ☐ Release Cell Restriction  ☐ Continue Investigation | | | | |
| ☐ Release to Control GRP  ☐ Release Medical  ☐ Release Diag. Center  ☐ Release Sent. Complete | | | | |
| Decision Relative to Hearing Examiner's Verdict | | | | |
| ☐ Reject   x Uphold   ☐ Uphold-Modify   ☐ Remand back  ☐ Vacate-permit Recharge ☐ Dismiss | | | | |
| Names of Program Review Committee Members | | Signatures | | Date |
| I.   Gustafson, CCPM | | | | 6/17/19 |
| J. Blicha, Major of Unit Management | | | | 6-13-19 |
| R. Adams, DSCS | | | | 6/17/19 |
| J. Sawtelle, DSFM | | | | 6/18/19 |

WHITE – DC-15          YELLOW – INMATE          PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

DELIVERED JUN 1 9 2019

*DC-ADM 802, Administrative Custody Procedures Manual*
*Section 4 – Release from Administrative Custody Status*               *Attachment 4-A*
Issued: 10/22/2013          Effective: 11/19/2013

Exh. 5,

# AB Unit

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>Superintendet | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| **1. To: (Name and Title of Officer)**<br>Oberlander | **2. Date:**<br>6-25-19 |
| **3. By: (Print Inmate Name and Number)**<br>Brian Tootle LS-1066<br><br>_Brian Tootle_<br>Inmate Signature | **4. Counselor's Name:**<br>**Ms. Hutchinson** |
| | **5. Unit Manager's Name**<br>**Mr. Heffernan** |
| **6. Work Assignment:**<br>GLP | **Housing Assignment: Unit, Cell and Bed Number**<br>AB2250 |

**7. Subject: State your request completely but briefly. Give details.** I am writing in reference to having my level dropped back to a 2 where it was before I went to the RHU & also having my job restored back to me. The only reason my write up was Class 1 was due to charge #15, which was dismissed. In absince of charge #15. The Shiftcommander wouldn't have had a reason not to select my misconduct for Informal Resolution Per DC ADM 801 Section 2, 1 A, B, C, & 2, As a result I ask that my level be dropped back to a 2. I Further request that my job as a UM & Activities Trainer be restored back to me. Per DC ADM 801 Section 4, 2, B. "An Inmate found guilty of a class 1 Misconduct (Charge #1 through B including #33) must be removed from his/her job assignment." PRC told me at my hearing when I inquired about my job, due to me catching a class 1 Misconduct I automaticly loss my job. Which is in contrast to DOC Policy itself due to charge #15 being dismissed & me being found guilt of #35. As a result I ask that my jobs be restored to me that immediatly. Misconduct # D052920 Thank you For your time & consideration in this matter.

**8. Response: (This Section for Staff Response Only)**

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____  _____ DATE _____
                            Print                            Signature

Exh.6.

## SUPERINTENDENT'S LEVEL
## MISCONDUCT APPEAL

| DC Number | Name | Facility | Misconduct Number | Housing Unit |
|-----------|------|----------|-------------------|--------------|
| LS1066 | Tootle, B | FRS | D052920 | AB2042 |

### GROUNDS FOR APPEAL

☐ a. the procedures employed were contrary to law, Department directives, or regulations.

☐ b. the punishment is disproportionate to the offense;

☐ c. the findings of fact were insufficient to support the decision.

\* \* \* \* \* \* \* \* \* \* \* \*

### SUPERINTENDENT'S RESPONSE / DECISION

Appeal Received on  7/1/19

☒ RD – Reduce to a Class II
☐ UP – Uphold Hearing Examiner's Decision
☐ SA – Modify Punishment
☐ RM – Remand Rehearing
☐ DP – Dismiss; Permit Recharge
☐ E – Exonerate
☐ S – Reject Any Appeal

Rationale:  **No violations of the DC ADM 801 have occurred. The sanction imposed is proportionate to the misconduct charge.  The evidence presented is sufficient to support the Hearing Examiner's decision.  The misconduct will not be exonerated; however, the Facility Manager/Designee will reduce it to a Class II.**

Superintendent's Signature _____   Date  7-1-19

cc:   PRC
      DC 14
      DC 15
      Inmate Employment
      File

Exh. 7.

# *AB Unit*    A Unit - B Pod

| | |
|---|---|
| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | **Commonwealth of Pennsylvania**<br>**Department of Corrections** |

**⑧ Inmate Employment**

| | |
|---|---|
| **1. To: (Name and Title of Officer)**<br>Ms. Shype | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
| | **2. Date:**<br>7-21-19 |
| **3. By: (Print Inmate Name and Number)**<br>Brian Tootle LS-1066<br><br>Brian Tootle<br>Inmate Signature | **4. Counselor's Name:**<br>**Ms. Hutchinson** |
| | **5. Unit Manager's Name**<br>**Mr. Heffernan** |
| **6. Work Assignment:**<br>GLP | **Housing Assignment: Unit, Cell and Bed Number**<br>AB2042 |

**7. Subject:** State your request completely but briefly. Give details. I am writing you in reference to you restoring my jobs to me. Both as a Unit Maintenance worker and Activities Trainer. Per SuperIntendent's Level 1 Misconduct Appeal, dated 7-11-19, Oberland dropped my misconduct #D052920 to a class 2. As a result I request that the stated jobs be restored back to me immediately. Due to my misconduct not being job related, or me not being found guilty of charge# 1-33. Per DC-ADM 801 Sec. 2.1 A.B.C. & d, thank you for your time & consideration in this matter.

**8. Response: (This Section for Staff Response Only)**
Your misconduct was reduced to a Class II but the IC Sanction is still valid. With a DC Sanction, you are removed from your jobs. You will need to see your unit Manager about a unit worker job. You will need to write the Activities Department about Activities. Your GLP Status is Correct.

| | |
|---|---|
| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

STAFF MEMBER NAME ___C. Shipe___    ___C. Shipe___    DATE __7/23/19__
                          **Print**              **Signature**

3 of 3

Exh.8. Page 1 of 2

# AB Unit

| | |
|---|---|
| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>A Unit - B Pod<br><br>Ⓑ Inmate Employment | Commonwealth of Pennsylvania<br>**Department of Corrections**<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| | |
|---|---|
| 1.  To: (Name and Title of Officer)<br>Ms. Shipe | 2.  Date:<br>7-25-19 |
| 3.  By: (Print Inmate Name and Number)<br>Brian Trotle LS1066<br><br>Brian Trotle<br>**Inmate Signature** | 4.  Counselor's Name:<br>**Ms. Hutchinson**<br><br>5.  Unit Manager's Name<br>**Mr. Heffernan** |
| 6.  Work Assignment:<br>GLP | Housing Assignment  Unit/Cell and Bed Number<br>AB2042 |

7.  Subject: State your request completely but briefly. Give details. I am writing in reference to your response, telling my my GLP is correct. This is False & contrary to Doc Policy. I'm sure you are aware of my grievances I have pending against this administration. I am currently fighting for my life in PcRA Court. I don't have time to keep correcting this racist & bias administration. It's putting extra stress on my brain due to yall misapprehending policie I got yall red handed on my grievances. So by yall continuisly causing me unnecessary pain & suffering by forcing me to correct yall, while fearing retiliation. When yall come to compromise, and my word there will be no compromise! I will take my grievances all the way to court, plus get the News involved & expose this whole administration about how racist unethical & bias it really is! This isn't a threat it's a promise because I'm not going continue to go through this constant retaliatory conduct, when all yall have to do is Follow Policy & Doc code of Ethic. And I will never stop fighting. Meaning filing paper work as long as I'm rite & yall wrong. So if that is what yall goal is by way making Keep filing paper work, as I am now just to get yall to Follow Comply with policy. Furthermore in accordance with DC-ADM 801 Sec 4. 2.B. "An inmate found guilty of Class 1 Misconduct

8.  Response: (This Section for Staff Response Only)
A DC sanction removes you from your Job. You received a DC sanction effective 5/11/19 Which is still applicable even though reduced to a Class II. Per DCADM 816 an inmate released from DC status is eligible to be Considered for GLP or a work assignment. You are not automatically returned to your Job. You will need to see your unit manager about a unit worker Job. Also per DCADM 816, no inmate has a right to be assigned or Continue in any specific work assignment. You are GLP status

| | | | |
|---|---|---|---|
| To DC-14 CAR only | ☐ and can be Considered | To DC-14 CAR and DC-15 IRS | ☐ for another Job. |

STAFF MEMBER NAME ___C Shipe___ ___C.Shipe___ DATE 7/29/19
                              Print                    Signature

1 of 3

CC: CCPM

Exh. 8. Page 2 of 2

# AB Unit

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| | Department of Corrections |

**INMATE'S REQUEST TO STAFF MEMBER**

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

*Inmate Employment*

| 1. To: (Name and Title of Officer)  Ms. Shipe | 2. Date:  7-25-19 |
| --- | --- |
| 3. By: (Print Inmate Name and Number)  Brian Toutle LS1066  _Brian Toutle_  Inmate Signature | 4. Counselor's Name:  **Ms. Hutchinson**  5. Unit Manager's Name  **Mr. Heffernan** |
| 6. Work Assignment:  GLP | Housing Assignment: Unit, Cell and Bed Number  AB2042 |

7. **Subject: State your request completely but briefly. Give details.** (charge #1 through & including #33) may be removed from his or her job assignment." I was found guilty of charge #35. Therefore my job was never suppose to be removed from me. In failing to restore my job back, bias & prejudice will be implied, & thus adding to my claims of retaliatory conduct & violation of DOC Policy & Code of Ethics. Any further misapprehension of Policy, which result in stress & inconvenience of me, ya'll might as well not even come talk to me about compromising. Because my mind will be made up to seek legal & judicial assistance to the fullest extent as a result of the pain & suffering I am being inflicted with at the discretion of this administration. I use the term ya'll throughout this request because this request applies to this whole Administration. Because this Administration is the reason I am going through what I going through rite now, in the past & future. I know it & so do ya'll. If you have any policy to substantiate your claim that my GLP is Correct please send it to me.

8. **Response: (This Section for Staff Response Only)**

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
| --- | --- |

STAFF MEMBER NAME _____    _____ DATE _____

Print                                                        Signature

New Discovery
Evidence 2

| DC-141 | Part 2B | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|---|
| Rev. 6-84 | | DEPARTMENT OF CORRECTIONS | | | |

DISCIPLINARY HEARING REPORT

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| ▮ | ▮ | SCI-FRS | 8-9-19 | 0935 | D287429 |

| INMATE PLEA | ☒ Guilty ☒ Not Guilty | ☐ No Plea ☐ Other | Verdict | ☒ Guilty ☐ Not Guilty |
|---|---|---|---|---|

## HEARING ACTION

CHARGES    #17    #29    #33    #35

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Inmate ▮ pleads guilty to charge #29; he pleads not guilty to charges #17 #33 #35. Inmate submits the written version, he admits it became a little bit of a raucous. He was upset that he couldn't pray.

HEx accepts inmates' guilty plea to charge #29. HEx believes the officers' report that the inmate did use inappropriate language with the officer stating "he was telling Mongellunzo and he would handle me" in front of the dorm. A preponderance of evidence exists to support charges #29 #33.

DISMISS #17 #35    GUILTY #29 — Reprimand/Warning
#33 — 15d CR    8/9/19

| | | | |
|---|---|---|---|
| ☒ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | DC-141    Pt. 2-C |
| ☒ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☒ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES ☑ |
| ☒ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| L. Fiscus | Fiscus |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE - DC-15    YELLOW - Inmate Cited    PINK - Staff Member Reporting Misconduct    GOLDENROD - Deputy Superintendent

CLR
MA

*New/4 Discovered
Evidence #2*

| Form DC-141 Part 1<br>Rev. 12/2017 | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | | | D 287429 | |
|---|---|---|---|---|---|

☑ MISCONDUCT REPORT     ☐ OTHER     ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| ▬▬▬ | ▬▬▬ | 10PRS1 | 2015 | 5 Aug 19 | 5 Aug 19 |

| Quarters | Place of Incident |
|---|---|
| IV 1002-R | In 1002 Common Area |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | Folsum | | W | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Charge Class B17 Threatening another person w/ bodily harm or w/ any offense. #31 Using abusive obscene or inappropriate language to or toward an employee #42 Folsum today our actions

**STAFF MEMBER'S VERSION**
On the above date and approx. time this officer Dioguardi COI told Inmate ▬▬▬ that he was not allowed to stay in front of IV 1002 restroom in groups any more. I told the group that they were obstructing access and exit to the dorm and bathroom creating a fire and safety hazard. Inmates were observed on camera 307 as well. The Inmate Handbook states on pg. 17 E. In an effort to maintain the good order of the facility, inmates must not gather at or other inmates/or restrict the passage of those activities finally approved at the Individual Services department. When inmate ▬▬▬ talk that he approached this officer in an aggressive manner arguing and stated "he was telling Monoe/Ruzzo because he was boss man and he would handle me." This officer felt threaten by ▬▬▬ actions and statements. W

**IMMEDIATE ACTION TAKEN AND REASON** Refer to hearing due to charge level. Inmate Informed of Report. Charge #17 not supported by body of m/c.

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| | IF YES | | |
| ☐ YES | TIME | DATE | |
| ☒ NO | — | — | |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION     ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER<br>SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY<br>RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| COI Dioguardi | Lt. ____ Palmer | DATE<br>8-3-19 | TIME 24 HOUR<br>BASE<br>2237 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☒ CLASS 1     ☐ CLASS 2 | 801 |

### Notice to Inmate
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

**DC-ADM 801, Inmate Discipline Procedures Manual**                    **Attachment 1-B**
**Section 1 – Misconducts/Rule Violations**
Issued: 12/1/2017
Effective: 12/1/2017

# EXHIBIT

# D



| POLICY STATEMENT |
|---|
| Commonwealth of Pennsylvania • Department of Corrections |

| Policy Subject: | Policy Number: |
|---|---|
| **Inmate Grievance System** | **DC-ADM 804** |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| **April 27, 2015** | **Signature on File**<br>**John E. Wetzel** | **May 1, 2015** |

## I.   AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II.   APPLICABILITY

This policy is applicable to all facilities operated under the jurisdiction of, or conducting business with the Department of Corrections, Department employees, volunteers, contract personnel, visitors and inmates.

## III.   POLICY

It is the policy of the Department that every individual committed to its custody shall have access to a formal procedure through which to seek resolution of problems or other issues of concern arising during the course of confinement. For every such issue, there shall be a forum for review and two avenues of appeal. The formal procedure shall be known as the Inmate Grievance System.[1]

---

[1] 4-4281, 4-4284, 4-4394, 4-ACRS-6B-03

## IV. PROCEDURES

All applicable procedures are contained in the procedures manual that accompanies this policy document.

## V. SUSPENSION DURING AN EMERGENCY

In an emergency or extended disruption of normal facility operation, the Secretary/designee may suspend any provision or section of this policy for a specific period.

## VI. RIGHTS UNDER THIS POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections.

## VII. RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A. Release of Information

1. Policy

   This policy document is public information and may be released upon request.

2. Confidential Procedures (if applicable)

   Confidential procedures for this document, if any, are not public information and may not be released in its entirety or in part, without the approval of the Secretary of Corrections/designee. Confidential procedures may be released to any Department of Corrections employee on an as needed basis.

### B. Distribution of Policy

1. General Distribution

   The Department of Corrections' policy and procedures shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution of confidential procedures to other individuals and/or agencies is subject to the approval of the Secretary of Corrections/designee.

2. Distribution to Staff

   It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee

expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures either in hard copy or via email, whichever is most appropriate.

## VIII. SUPERSEDED POLICY AND CROSS REFERENCE

### A. Superseded Policy

1. Department Policy

   DC-ADM 804, Inmate Grievance System, issued March 31, 2014, by Secretary John E. Wetzel.

2. Facility Policy and Procedures

   This document supersedes all facility policy and procedures on this subject.

### B. Cross Reference(s)

1. Administrative Manuals

   a. DC-ADM 001, Inmate Abuse Allegation Monitoring;

   b. DC-ADM 006, Reasonable Accommodations for Inmates with Disabilities;

   c. DC-ADM 008, Prison Rape Elimination Act (PREA);

   d. DC-ADM 801, Inmate Discipline;

   e. DC-ADM 802, Administrative Custody procedures;

   f. 3.1.1, Fiscal Administration; and

   g. 6.3.1, Facility Security;

2. ACA Standards

   a. Adult Correctional Institutions: 4-4016, 4-4281, 4-4284, 4-4301, 4-4394, 4-4429

   b. Adult Community Residential Services: 4-ACRS-6B-01, 4-ACRS-6B-03, 4-ACRS-7D-36

   c. Correctional Training Academies: None

**Section 1 – Grievances & Initial Review**

**A. Filing of an Initial Grievance**

1.  The Department encourages an inmate to express his/her concerns to staff through respectful, constructive, written, or oral communication so that problems are resolved as soon as possible.[1]

2.  The Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate. It is not meant to address incidents of an urgent or emergency nature including allegations of sexual abuse. Any allegation of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual *abuse must* be addressed through Department policy **DC-ADM 008, "Prison Rape Elimination Act (PREA)."** When faced with an incident of an urgent or emergency nature, the inmate shall contact the nearest staff member for immediate assistance.

3.  An inmate is encouraged to attempt resolution of a concern informally by use of a **DC-135A, Inmate Request to Staff Member** or direct conversation with the Unit Manager or Officer-in-Charge prior to submitting a **DC-804, Part 1, Official Inmate Grievance Form (Attachment 1-A)**. This is not required in cases of allegations of *physical or sexual abuse*.

    a.  A staff member who receives an oral or written concern from an inmate is expected to attempt to resolve the concern if possible.

    b.  It is encouraged, when possible, to resolve every concern quickly and informally.

    c.  If the staff member is not the appropriate person to resolve the concern raised by the inmate, he/she should be referred to the appropriate staff member.

    d.  The Unit Manager or Officer-in-Charge shall document the result of the resolution, including each party involved, in the Inmate Cumulative Adjustment Record (ICAR).

4.  While an inmate should make every effort to resolve a concern informally prior to filing an official grievance, failure to attempt to informally resolve a concern will not be cause to reject an official grievance. However, if an attempt was made to resolve the concern informally, this information should be included in **Section B** of the **DC-804, Part 1**.

5.  When an inmate has a concern that he/she is unable to resolve, the inmate must submit his/her grievance to the Facility Grievance Coordinator/designee using the **DC-804, Part 1**.

    a.  **DC-804, Part 1** forms shall be readily available on every housing unit as well as in the main and mini-law libraries.

---

[1] 4-4016

Issued: 1/26/2016
Effective: 2/16/2016

b. Each copy of the **DC-804, Part 1** form, with the exception of the inmate's copy (GOLDENROD), shall be forwarded to the Facility Grievance Coordinator/designee who will determine whether the grievance will be accepted or rejected.

6. A grievance regarding an allegation of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual *abuse* will not be addressed through the Inmate Grievance System and must be addressed through Department policy **DC-ADM 008,** *in accordance with Subsection C.4.b. below*. These allegations are taken seriously by the Department and must and will be investigated to make sure that inmates are safe in the facilities. If a grievance is filed *against a staff member* regarding an allegation of a sexual nature (abuse/harassment) or inmate-on-inmate sexual *abuse*, the grievance will be immediately forwarded to the Security Department as well as the PREA Compliance Manager in accordance with Department policy **DC-ADM 008** to start an investigation *and will not be addressed through the Inmate Grievance System*.

7. Issues concerning a specific inmate misconduct charge, *conduct of hearing, statements written within a misconduct and/or other report,* a specific disciplinary sanction, and/or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through Department policy **DC-ADM 801, "Inmate Discipline"** and/or **DC-ADM 802, "Administrative Custody Procedures."** *Issues other than specified above must be addressed through the Inmate Grievance System.*

8. The inmate must submit a grievance to the Facility Grievance Coordinator/designee, usually the Superintendent's Assistant, within 15 working days after the event upon which the claim is based.

9. A grievance must be filed with the Facility Grievance Coordinator/designee at the facility where the grievance event occurred.

10. The inmate must sign and date the grievance with his/her commitment name and number only, without reference to the UCC, aliases, etc.

11. The text of the grievance must be legible, understandable, and presented in a courteous manner. The inmate must include a statement of the facts relevant to the claim.

    a. The statement of facts shall include the date, approximate time, and location of the event(s) that gave rise to the grievance.

    b. The inmate shall identify individuals directly involved in the event(s).

    c. The inmate shall specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law.

    d. If the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance.

1-2

12. The statement of facts must not exceed two pages and must be handwritten or typed on writing paper (one **DC-804, Part 1** and one one-sided 8 ½" x 11" page).

13. An inmate who has been personally affected by a Department and/or facility action or policy will be permitted to submit a grievance.

14. Any grievance based on separate events must be presented separately, unless it is necessary to combine the issues to support the claim.

15. Any grievance issue that has been or is currently being addressed will not be re-addressed in a subsequent grievance. Any concern disputing previous grievances, *initial review responses,* appeal decisions, or *actions of* staff members who rendered those decisions should be addressed through the appeal process outlined in **Section 2** of this procedures manual.

16. Each grievance must be presented individually. A grievance submitted by one inmate for another inmate or a group of inmates is prohibited and will not be processed.

17. An inmate filing a grievance related to a claim of missing property must provide documentation such as a **DC-153A, Personal Property Inventory Sheet**; **DC-154A, Confiscated Items Receipt**; or a *Commissary/***Outside Purchase Form** for evidence or proof that the property items were once in his/her possession. Failure to do so may result in the rejection of the grievance.

18. *A grievance related to a publication/photograph denial must include a copy of the Notice of Incoming Publication Form in accordance with Department policy DC-ADM 803, "Inmate Mail and Incoming Publications."*

19. An inmate filing a grievance contesting the accuracy of the **Notification of Deductions Memo** and/or the **Notification of Amended Deductions Memo** of Department policy **DC-ADM 005, "Collection of Inmate Debts,"** must provide valid, official court documentation proving that:

    a. the financial obligations have previously been paid;

    b. the information submitted on the official court documents by the Clerk of Courts was incorrect;

    c. for a sentencing occurring prior to December 26, 2010, the sentencing judge did not impose court costs;

    d. for a sentencing occurring on or after December 26, 2010, the sentencing judge specifically waived court costs;

    e. in the case of an obligation for restitution, reparation, fines, or penalties, the sentencing court did not specifically order you to pay such obligation regardless of the date of sentence;

1-3

    f.  a more recent court order removed or postponed the financial obligations;

    g.  the financial obligations are not currently due under the terms of the court order;

    h.  the Crime Victim Compensation/Victim's Services Fee was not computed in accordance with law;

    i.  the court costs are related to an adjudication of delinquency, and you have attained the age of 21. If you are not yet 21, and are paying these fees, you should notify the Business Office on your 21st birthday; or

    j.  you do not owe the financial obligations for any other reason.

    **NOTE**: Failure to provide any of the above with your grievance may result in rejection of your grievance.

20. If a grievance is rejected, the grievance may be re-submitted, using the same grievance number, within five working days of the rejection notice date. A rejected grievance may only be re-submitted one time.

21. ***An inmate may appeal the rejected grievance to the Facility Manager in accordance with Section 2 of this procedures manual.***

22. In a case involving personal property, the inmate must clearly notify the Facility Manager or Facility Grievance Coordinator/designee to retain the property pending completion of the grievance process, including any appeal. This notification can be made within the initial grievance.

23. ***For cases regarding confiscated contraband, destruction of the property shall only occur after the appeal process has been exhausted.***

24. No inmate shall be punished, retaliated against, or otherwise harmed for use of the grievance system.[2]

25. At any point in the grievance process, the inmate may withdraw the grievance.

    a.  To withdraw a grievance, an inmate must use and sign the **Grievance Withdrawal Form (Attachment 1-B)**, identify the grievance to be withdrawn by number, the reason why the grievance was withdrawn, and forward the form to the Facility Grievance Coordinator/designee.

    b.  The Facility Grievance Coordinator/designee will forward a copy of the **Grievance Withdrawal Form** to the inmate's counselor.

---

[2] 4-4281

Issued: 1/26/2016
Effective: 2/16/2016

    c. The inmate's counselor will meet with the inmate to verify that the grievance was resolved and that the withdrawal was appropriate.

    d. The counselor will sign the **Grievance Withdrawal Form** and forward it to the Facility Grievance Coordinator/designee.

    e. Once a grievance is withdrawn, the inmate cannot then proceed to appeal to either the Facility Manager or Final Review.

26. Any document(s) attached in support of a grievance becomes part of the official record and will not be returned. The inmate should make copies of the supporting documents prior to submitting to the Facility Grievance Coordinator/designee for use in any subsequent appeals. If copies are needed, the procedures outlined in Department policy **DC-ADM 003, "Release of Information"** *must* be followed.

27. A grievance cannot be filed after parole or release from incarceration.

28. An inmate transferred to a county facility or other state must use the grievance system at that facility regarding any issue that arises at that facility.

## B. Where to Place a Grievance

1. Each Facility Manager/designee shall ensure that a fixed lock-box designated for inmate grievances is on each general population housing unit, *all Level 5 Housing Units, Specialized Housing Units, and Inmate Dining Halls*.

2. *Each lock-box shall be clearly labeled "grievances" and the inmate shall be permitted to place grievances in these lock-boxes.*

3. General Population Housing Units

    The Facility Grievance Coordinator/designee will be responsible for the key and retrieval of the lock-box contents each work day.

4. Level 5 Housing Units *and/or Specialized Housing Units*

    a. The lock-box shall be placed in a location easily accessible to an inmate being escorted to an individual exercise unit and/or shower.

    b. If an inmate chooses not to go to an individual exercise unit and/or shower, he/she may have a staff member place the grievance in the lock-box.

    c. The Facility Grievance Coordinator is responsible for the key and retrieval of the lock-box contents each work day.

5. Inmate Dining Halls

Issued: 1/26/2016
Effective: 2/16/2016

   a. This lock-box is for inmates to place their inmate grievances in which the Facility Grievance Coordinator is the only staff member to collect these grievance forms.

   b. The Facility Grievance Coordinator is responsible for the key and the retrieval of the contents of the lock-box each work day.

## C. Initial Review

1. The Facility Grievance Coordinator/designee shall assign a grievance tracking number to every grievance (even a rejected grievance) upon receipt and enter every grievance into the Automated Inmate Grievance Tracking System.

   a. The Facility Grievance Coordinator/designee shall enter the date the grievance was received, a summary or description of the grievance subject matter, and the category.

   b. The Facility Grievance Coordinator/designee may combine multiple grievances from the same inmate that relate to the same subject.

2. A time extension for filing a grievance will be considered on a case-by-case basis. The inmate must notify the Facility Grievance Coordinator/designee of the reason for the delay. The Facility Grievance Coordinator/designee will consider the reason given and also consider if the delay was caused by:

   a. a temporary transfer from the facility where the grievance should have been filed;

   b. a permanent transfer to another facility from the facility where the grievance should have been filed;

   c. Authorized Temporary Absence (ATA) for an extended period;

   d. another delay with mail delivery; or

   e. any other reason the Facility Grievance Coordinator/designee deems appropriate.

   **NOTE**: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

3. If the Facility Grievance Coordinator/designee determines that the grievance is properly submitted according to this procedures manual, the Facility Grievance Coordinator/designee will designate a staff member to serve as the Grievance Officer for that grievance. The staff member who serves as the Grievance Officer shall not be directly involved **in** or named as the subject of the grievance in **Section A and/or B** of the **DC-804, Part 1**.

   **NOTE**: The PINK copy of the **DC-804, Part 1** form will be returned to the inmate acknowledging acceptance of the grievance.

Issued: 1/26/2016
Effective: 2/16/2016

4. If the Facility Grievance Coordinator/designee determines that the grievance is not properly submitted according to this procedures manual, it shall be rejected and returned to the inmate with a **Grievance Rejection Form (Attachment 1-C)** enumerating the reason(s) the grievance was rejected.

   a. When rejected, the entire grievance packet will be returned to the inmate along with any exhibits. The Facility Grievance Coordinator/designee will retain one photocopy of the grievance *and any exhibits*.

   b. When the grievance is in regards to Department policy **DC-ADM 008**, the Facility Grievance Coordinator/designee shall do the following:

      (1) immediately forward a copy of the grievance to the Security Office to be investigated in accordance with Department policy **DC-ADM 008** as well as to the PREA Compliance Manager; and

      (2) the rejection notice to the inmate shall state: *"Sexual abuse is taken seriously by the Department of Corrections. Any allegations of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual **abuse** must be investigated to make sure that inmates are safe in this facility. This grievance is being forwarded to the Security Office and the PREA Compliance Manager for initiation of an investigation."*

5. The Grievance Officer shall:

   a. submit his/her proposed response to the Facility Grievance Coordinator/designee prior to distribution to the inmate;

   b. the response shall be typed on the **Initial Review Response Form (Attachment 1-D)**;

   c. the response shall include a brief rationale summarizing the conclusion and any action taken or recommended to resolve every issue raised as well as any requested relief;

   d. if a policy is being cited within the initial review response, the specific policy number, section, etc., must be included;

   e. the response must include one of the following dispositions: Uphold Inmate, Grievance Denied or Uphold in Part/Deny in Part;

   f. if the grievance is deemed frivolous, the response must include a statement setting forth the reason(s);

   g. the response shall be provided to the inmate within 15 working days from the date the grievance was entered into the Automated Inmate Grievance Tracking System; and

      h. an extension of ten additional working days may be requested from the Facility Grievance Coordinator/designee if the investigation of the grievance is ongoing.

6. The Facility Grievance Coordinator/designee shall:

      a. review the proposed response from the Grievance Officer for consistency with policy and procedures;

      b. if further review is required, the response will be returned to the Grievance Officer;

      c. if the proposed response is approved, the Facility Grievance Coordinator/designee shall initial the response and return it to the Grievance Officer for distribution to the inmate;

      d. once the Grievance Officer's response is complete, the date of the response and a summary of the Grievance Officer's decision should be entered into the Automated Inmate Grievance Tracking System; and

      e. if an extension is granted to the Grievance Officer, *the extension must be entered into the Automated Inmate Grievance Tracking System and* the inmate must be notified in writing using the **Extension Form (Attachment 1-E)**.

7. A grievance filed against Parole and/or Central Office staff should not be rejected, except for non-policy compliant reasons. If necessary, Parole and/or Central Office staff can be contacted by the facility to supply information needed for the Grievance Officer to provide a complete response. It should be noted that there may be circumstances in which facility staff cannot address a parole issue. If this occurs, the Grievance Officer should provide a response to the inmate which includes an address and/or contact person from Parole to whom the inmate can direct their issue and/or concern.

## D. Allegation of Abuse Grievances

1. This section does not apply to allegations of a sexual nature (abuse/harassment) against a staff member and/or inmate-on-inmate sexual *abuse*. These allegations will be handled in accordance with **Subsection A.6. above** and Department policy **DC-ADM 008**.

2. A grievance dealing with allegations of abuse shall be handled in accordance with Department policy **DC-ADM 001, "Inmate Abuse."**

3. This may extend the time for responding to the grievance, but will not alter the inmate's ability to appeal upon his/her receipt of the initial review response.

4. When a grievance is related to an allegation of abuse, the Facility Grievance Coordinator/designee will issue an **Extension Notice** to the inmate by checking the box "Notice of Investigation" *on the Extension Form.*

Issued: 1/26/2016
Effective: 2/16/2016

5. The initial review response will be completed by the assigned Grievance Officer *after* the results from the Office of Special Investigations and Intelligence (OSII) are received.

6. If a grievance dealing with allegations of abuse is rejected, the Facility Grievance Coordinator/designee shall:

    a. immediately forward a copy of the grievance to the Security Office to be investigated in accordance with Department policy **DC-ADM 001**; and

    b. the rejection notice to the inmate shall include a statement informing the inmate that his/her grievance was forwarded to the Security Office for investigation in accordance with Department policy **DC-ADM 001**.

## E. Access to Grievances for Special Populations

1. Pursuant to Department policy **DC-ADM 006, "Reasonable Accommodations for Inmates with Disabilities,"** the Department shall ensure that inmates with disabilities have an equal opportunity to use the grievance system.

2. Written materials will either be delivered in alternative formats that accommodate the inmate's disability or the information will be delivered through alternative methods, such as reading it to the inmate or communicating through an interpreter, which ensure the understanding of the grievance process and material.

3. The Facility Grievance Coordinator/designee will ensure that only staff members, not involved in the grievance, are providing translation for inmates. If a multi-lingual staff member is not available, *then a current contracted translation service must* be utilized.

4. Timeline extensions shall be granted in order to secure these services.

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
| --- |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8 ½" x 11" page). State all relief that you are seeking.

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____

Signature of Facility Grievance Coordinator                              Date

WHITE Facility Grievance Coordinator Copy       CANARY File Copy       PINK Action Return Copy
GOLDEN ROD Inmate Copy

## GRIEVANCE WITHDRAWAL
(Facility)
(Address)

This serves to acknowledge receipt of recent communication indicating your desire to withdraw the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," the Facility Grievance Coordinator will withdraw this grievance in response to your request.

| Inmate Name: | | Inmate Number: | |
|---|---|---|---|
| Facility: | | Date: | |
| Grievance: | | | |

| Action: | Withdrawal |
|---|---|
| | |

| Inmate's Signature: | | Grievance Officer's Signature: | |
|---|---|---|---|
| Grievance Officer's Title: | | | |
| Date: | | | |

| Counselor's Name: | | Date: | |
|---|---|---|---|
| Withdraw Verified: | ☐ Yes  ☐ No | | |
| Comments: | | | |

cc:    Facility Grievance Coordinator
        Grievance Officer
        DC-15
        File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**

## Section 2 – Appeals

### A. Appeal to Facility Manager

1. Inmate Responsibilities

   a. An inmate may appeal an initial review response/rejection to the Facility Manager in writing, within 15 working days from the date of the initial review response/rejection.

   b. The initial review response/rejection from the Facility Grievance Coordinator/designee must be received by the inmate before any appeal to the Facility Manager can be sought.

   c. Only an issue that was raised for initial review, determination of frivolousness, and/or rejection may be appealed. An issue raised for Initial review and determination of frivolousness must be raised for appeal at the same time.

   d. Each appeal must:

      (1) be clearly labeled as an appeal at the top of the document;

      (2) include the grievance number at the top of the document;

      (3) be legible, understandable, and presented in a courteous manner;

      (4) not exceed two pages (two one-sided or one double-sided 8 ½" x 11" page);

      (5) contain reason(s) for appealing the initial review response/rejection;

      (6) be handwritten or typed on writing paper or submitted on the **Inmate Appeal to the Facility Manager Form (Attachment 2-A)**;

      (7) if the inmate is appealing a determination of frivolousness, he/she must clearly indicate that he/she is appealing that determination; and

      (8) only one appeal of any initial review response/rejection is permitted.

   e. Failure to comply may result in the appeal being dismissed.

   f. Any document(s) attached in support of a grievance appeal, ***including the appeal itself***, becomes part of the official record and will not be returned. The inmate should make copies of the ***appeal, and*** supporting documents, including any facility documents, prior to submission to the Facility Manager for any subsequent appeals.

2-1

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**

2.  Staff Responsibilities

    a.  The appeal must be addressed by the Facility Manager/designee. The Grievance Officer, *and/or a staff member involved in or named as the subject of the grievance* may not be designated to address the appeal.

    b.  The Facility Manager/designee will determine whether the appeal is in accordance with this procedures manual. If the appeal is determined to be in accordance with these procedures, the Facility Grievance Coordinator/designee will enter the date the appeal was received into the Automated Inmate Grievance Tracking System.

    c.  A time extension for filing *an appeal* will be considered on a case by case basis. The inmate must notify the Facility Manager of the reason for the delay. The Facility Manager/designee will consider the reason given and also consider if the delay was caused by:

        (1)  a temporary transfer from the facility where the grievance should have been filed;

        (2)  a permanent transfer to another facility from the facility where the grievance should have been filed;

        (3)  Authorized Temporary Absence (ATA) for an extended period;

        (4)  another delay with mail delivery; and

        (5)  any other reason the Facility Manager/designee deems appropriate.

        **NOTE**: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

    d.  The Facility Manager/designee shall:

        (1)  notify the inmate using the **Facility Manager's Appeal Response (Attachment 2-B)** of his/her decision within 15 working days of receiving the appeal;

        (2)  one of the following dispositions must appear on the appeal response: Uphold Response, Uphold Inmate, Dismiss/Dismiss Untimely or Uphold in Part/Deny in Part;

        (3)  a brief statement of the reason(s) for the decision must be included. All appeal points raised by the inmate shall be addressed including the determination of frivolousness of appealed;

        (4)  the Facility Manager/designee may authorize an extension of up to ten additional working days if the investigation of the appeal is ongoing. If an extension is

2-2

necessary, the inmate shall be advised in writing using the **Extension Form (Attachment 1-E)**; and

(5) alternatively, the Facility Manager/designee may remand the initial review response/rejection to the Grievance Officer for further investigation and/or reconsideration.

e. Remand

(1) When the Facility Manager/designee remands a grievance, notification of the remanded grievance will be provided to the Grievance Officer on the **Remand Grievance – Notice to Grievance Officer (Attachment 2-C)**.

(2) Notification of the remanded grievance will also be provided to the inmate on the **Remand Grievance – Notice to Inmate (Attachment 2-D)**.

(3) The Grievance Officer shall respond to the inmate within 15 working days.

(4) The revised response shall be returned to the Facility Manager/designee for review prior to sending it to the inmate.

(5) The inmate may again appeal to the Facility Manager within 15 working days from the date of the revised initial review response.

(6) The determination to remand the initial review response/rejection may not be appealed or made the subject of a new grievance.

f. The Facility Grievance Coordinator/designee shall enter the date and a summary of the Facility Manager/designee's decision into the Automated Inmate Grievance Tracking System.

g. Personal property related to a grievance shall not be disposed of if the inmate notifies the Facility Manager/designee or Facility Grievance Coordinator/designee to retain the property as required in **Section 1** of this procedures manual. If notification is given, the property related to the grievance shall be placed in a safe location until final disposition is made by the Secretary's Office of Inmate Grievances and Appeals (SOIGA). The inmate will have 20 working days from the date the final SOIGA decision is received to notify the Facility Grievance Coordinator/designee in writing with his/her signature that he/she intends to file a court action relating to the confiscated property. The subject property will be labeled to indicate that it is being held pending possible further legal action and will note the expiration date of the 20 working days. If no notice in writing signed by the inmate is given to the Facility Grievance Coordinator/designee by the end of the 20 working days, the inmate will be told to decide whether the property is to be shipped or destroyed. When the final court proceeding is concluded, the inmate shall, within 20 working days, notify the Facility Grievance Coordinator/designee in writing that the lawsuit is concluded and whether the property is to be shipped or destroyed. Any refusal or failure to select an option

2-3

will be documented by the Property Officer and will result in the property being destroyed. If the option to have the property shipped is chosen, the property will be shipped at the inmate's expense. An inmate's failure to communicate the final court disposition to the Facility Grievance Coordinator/designee within 20 working days may result in the property being destroyed with no notice to the inmate.

## B. Appeal to Final Review

1. Inmate Responsibilities

   a. The decision from the appeal to the Facility Manager/designee must be received by the inmate before an appeal to Final Review can be sought.

   b. Any inmate who is dissatisfied with the disposition of an appeal from the Facility Manager/designee may submit an Inmate Appeal to Final Review (Attachment 2-E) within 15 working days from the date of the Facility Manager/designee's decision. Only issues *raised in the initial grievance and/or* appealed to the Facility Manager may be appealed to Final Review.

   c. A time extension for filing a grievance appeal to final review will be considered on a case by case basis. The inmate must notify the Chief Grievance Officer of the reason for the delay. The Chief Grievance Officer/designee will consider the reason given and also consider if the delay was caused by:

      (1) a temporary transfer from the facility where the grievance should have been filed;

      (2) a permanent transfer to another facility from the facility where the grievance should have been filed;

      (3) ATA for an extended period;

      (4) another delay with mail delivery; or

      (5) any other reason the Chief Grievance Officer/designee deems appropriate.

      **NOTE:** If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

   d. An appeal to Final Review will not be permitted until the inmate has complied with all procedures established for Initial Review in accordance with **Section 1** of this procedures manual and for Appeal to the Facility Manager in accordance with **Subsection A. above**.

   e. Each appeal must:

      (1) be clearly labeled as an appeal at the top of the document;

2-4

(2)    include the grievance number at the top of the document;

(3)    be legible, understandable, and presented in a courteous manner;

(4)    not exceed two pages (two one-sided or one double-sided 8 ½" x 11"page);

(5)    contain reason(s) for appealing the Facility Manager/designee's decision;

(6)    be handwritten or typed on writing paper or submitted on the **Inmate Appeal to Final Review**;

(7)    if the inmate is appealing a determination of frivolousness, he/she must clearly indicate that he/she is appealing that determination;

(8)    only one grievance may be appealed on a piece of paper unless combined by the Facility Manager/designee; and

(9)    only one appeal of any Facility Manager/designee's response is permitted.

f.    Failure to comply may result in the appeal being dismissed.

g.    An inmate filing an appeal related to a claim of missing property must provide documentation such as a **DC-153A, Personal Property Inventory Sheet**; **DC-154A, Confiscated Items Receipt**; or a **Commissary/Outside Purchase Form** for evidence or proof that property items were once in his/her possession. Failure to do so may result in dismissal of the appeal.

h.    An inmate filing a grievance contesting the accuracy of the Notification of Deductions Memo and/or the Notification of Amended Deductions Memo in accordance with Department policy **DC-ADM 005, "Collection of Inmate Debts,"** must provide valid, official court documentation proving that:

(1)    the financial obligations have previously been paid;

(2)    the information submitted on the official court documents by the Clerk of Courts was incorrect;

(3)    for a sentencing occurring prior to December 26, 2010, the sentencing judge did not impose court costs;

(4)    for a sentencing occurring on or after December 26, 2010, the sentencing judge specifically waived court costs;

(5)    in the case of an obligation for restitution, reparation, fines or penalties, the sentencing court did not specifically order you to pay such obligation regardless of the date of sentence;

**DC-ADM 804, Inmate Grievance System Procedures Manual**
*Section 2 – Appeals*

(6)   a more recent court order removed or postponed the financial obligations;

(7)   the financial obligations are not currently due under the terms of the court order;

(8)   the Crime Victim Compensation/Victim's Services Fee was not computed in accordance with law;

(9)   the court costs are related to an adjudication of delinquency, and you have attained the age of 21. If you are not yet 21, and are paying these fees, you should notify the business office on your 21st birthday; or

(10)  you do not owe the financial obligations for any other reason.

**NOTE**: Failure to provide any of the above with your grievance may result in your appeal being dismissed.

i.   Every appeal to Final Review must be addressed to the following:

**Chief, Secretary's Office of Inmate Grievances and Appeals
Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050**

Failure to properly address the appeal will delay the process.

j.   An inmate appealing a grievance to final review is responsible for providing the SOIGA with all required documentation relevant to the appeal. A proper appeal to final review must include:

(1)   a legible copy of the Initial Grievance;

(2)   a copy of the initial review response/rejection and/or remanded initial review response/rejection;

(3)   a legible copy of the Inmate Appeal to the Facility Manager;

(4)   a copy of the Facility Manager/designee's decision and/or remanded Facility Manager/designee's decision;

(5)   a written appeal to the SOIGA;

(6)   failure to provide any of the documentation noted above may result in the appeal being dismissed; and

(7)   the copies of the initial review response/rejection and the Facility Manager/designee's decision cannot be handwritten.

2-6

k. An indigent inmate as defined in Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"** will be afforded copy service and legal postage up to a maximum of $10.00 per month and all money received in the inmate's account shall be used to pay for the cost of the copies and legal postage. A non-indigent inmate will incur copying charges in accordance with Department policy **3.1.1, "Fiscal Administration."**

l. Any documentation submitted in support of the appeal to final review will become part of the official record and will not be returned. The inmate should make copies of supporting documents, including facility documents, prior to submission to final review.

2. Staff Responsibilities

a. The SOIGA will ensure that:

(1) an appeal to final review is responded to within 30 working days of receipt unless otherwise extended **and/or referred**;

(2) an appeal and response are properly maintained in the Automated Inmate Grievance Tracking System; and

(3) the Chief of SOIGA may authorize an extension of up to ten additional working days if the investigation of the appeal is ongoing. If an extension is necessary, the inmate shall be advised in writing using the **Extension Form (Attachment 1-E).**

b. Upon request, the Facility Manager/designee will forward to the SOIGA a copy of any formal investigation related to a grievance.

c. The SOIGA will review the **DC-804, Part 1**, the initial review response/rejection, the **Inmate Appeal to the Facility Manager**, the Facility Manager/designee's response, any investigative report(s), any attached exhibits and the **Appeal to Final Review**.

d. Upon completion of the review, SOIGA will respond directly to the inmate in all cases using the **Final Appeal Decision (Attachment 2-F)** or the **Final Appeal Decision Dismissal (Attachment 2-G)**. If the inmate is released/paroled, he/she must provide a forwarding address to SOIGA. SOIGA will forward the final review response to the address provided or, if no address is provided, to the last address of record for the inmate.

e. SOIGA will issue a decision with one of the following dispositions: Uphold Response, Uphold Inmate, Dismiss, or Uphold in Part/Deny in Part.

(1) The Chief/designee, SOIGA, shall notify the inmate and the Facility Manager of the decision and rationale.

2-7

(2) If the decision consists of amending or remanding the grievance ***response***, or if the decision is to uphold the inmate or uphold the inmate in part, the appropriate ***Regional*** Deputy Secretary shall also be notified.

(3) In any instance where a determination of frivolousness is overturned, the Facility Grievance Coordinator shall also be notified.

(4) Alternatively, the Chief Grievance Officer/designee may remand the grievance to the Facility Manager for further investigation/reconsideration and/or may review/refer an appeal with/***to*** a different bureau.

f.  Referrals

(1) When an appeal is referred to a bureau for review (health care issues with the Bureau of Health Care Services (BHCS), education issues with the Bureau of Correction Education (BCE), etc.) notification of the referral will be provided to the appropriate bureau on the **Grievance Referral (Request to Bureau/Office) (Attachment 2-H)**.

(2) Notification of the referred grievance will be provided to the inmate on the **Grievance Referral (Notice to Inmate) (Attachment 2-I)**.

(3) This review/referral may result in an extension to the time for issuing a final review response to the inmate.

(4) Once a response from the relevant bureau is received by the SOIGA, a final review response will be issued to the inmate.

g.  Remand

(1) When an appeal is remanded to the facility for further review notification of the remanded grievance will be provided to the Facility Manager/designee on the **Remand Grievance (Notice to Facility Manager) (Attachment 2-J)**.

(2) Notification of the remanded grievance will also be provided to the inmate on the **Remand Grievance (Notice to Inmate) (Attachment 2-K)**.

(3) Once the investigation is completed, the Facility Manager/designee will provide a revised response to the inmate, with a copy to the Chief of SOIGA, within 15 working days.

(4) If the inmate is dissatisfied with the revised response, he/she may appeal to final review again within 15 working days of the date of the revised response.

(5) ***Once an appeal to a remanded grievance is received at final review, the SOIGA will have 30 working days in which to complete a response.***

2-8

    (6)   The determination to remand the grievance may not be made the subject of a new grievance.

  h.  The Chief, SOIGA, in consultation with the Secretary, shall take any action deemed necessary to ensure the integrity of this policy. This includes, but is not limited to:

    (1)   prohibiting the transfer of an inmate until the grievance procedure has been completed, including the appeal process; and

    (2)   lifting a previously imposed grievance restriction.

  i.  The Chief, SOIGA/designee shall notify the Facility Manager in those cases where the suspension of an inmate's transfer is being considered pending the disposition of the appeal process.

  j.  If an inmate who has filed a grievance is transferred, paroled, or released prior to the appeal process being completed, the inmate may continue to pursue the grievance or appeal by notifying the Facility Manager of the facility where the grievance was originally filed. Adjustments shall be made to the various time limitations in order to allow for review.

## C. *Appeal of Publication or Photograph Denial*

1. *As set forth in Department policy DC-ADM 803, an inmate may appeal the denial of a publication/photograph by filing a grievance under the provisions of this procedures manual.*

2. *In order to appeal the Incoming Publication Review Committee's (IPRC) denial of a publication/photograph, the inmate must:*

  a.  *address his/her publication/photograph appeal to the Facility Manager on a DC-804, Part 1 within 15 working days from the date of the Notice of Incoming Publication Denial; and*

  b.  *include a copy of the Notice of Incoming Publication Denial Form in accordance with Department policy DC-ADM 803, disapproving the publication/photograph.*

3. *Publication/Photograph Appeal at the Initial Level/Staff Responsibilities*

  a.  *When an inmate files an appeal to the denial of a publication/photograph, the Facility Grievance Coordinator/designee shall assign a grievance tracking number to the publication/photograph appeal.*

  b.  *The Facility Manager/designee shall:*

(1) *review the publication/photograph appeal in addition to the Notice of Incoming Publication Denial Form and the publication/photograph and complete a response within 15 working days of receiving the appeal; and*

(2) *include the grievance tracking number and the name of the publication/photograph (or other description) in his/her response to the inmate.*

4. *Publication/Photograph Appeal to SOIGA*

a. *An inmate appealing a publication/photograph disapproval to Final Review is responsible for providing SOIGA with all required documentation relevant to the appeal. A proper publication/photograph appeal to Final Review must include a copy of the Notice of Incoming Publication Denial Form, appeal to the Facility Manager, the Facility Manager/designee's decision, and a written appeal to Final Review.*

b. *Failure to provide the proper documentation may result in the final appeal being dismissed.*

c. *SOIGA will refer the grievance appeal challenging the denial of a publication for content reasons to the Office of Policy, Grants, and Legislative Affairs for review.*

## D. State Intermediate Punishment (SIP) Appeals

1. A SIP participant may appeal an expulsion from the SIP program by filing a grievance to the Facility Grievance Coordinator of the facility housing the inmate within ten days of the date of the expulsion letter. The Facility Grievance Coordinator/designee will assign the grievance a number and email it to "CR, SIP Appeals/Grievance" for review and response in accordance with **37 Pa. Code §97.116**.

2. The grievance must be legible and the statement of facts may not exceed two pages.

3. A participant is responsible for including all required documentation with the grievance. Failure to provide relevant documentation may result in the grievance being dismissed.

4. A participant who is indigent as defined in Department policy **DC-ADM 803**, will be afforded copy service and legal postage up to a maximum of $10.00 per month and all money received in the inmate's account shall be used to pay for the cost of the copies and legal postage. A non-indigent inmate will incur copying charges in accordance with Department policy **3.1.1**.

5. Any documentation submitted in support of a grievance will not be returned. The participant should make a copy of any supporting documentation for submission with the grievance.

6.  The Executive Deputy Secretary/designee may decide the grievance based upon the documentation presented as well as other information contained within the Department's files and may interview the inmate and any involved staff member or contractor employee by means of videoconferencing if the Executive Deputy Secretary/designee in his/her sole discretion, believes an interview will assist him/her in understanding and evaluating the grievance.

7.  In reviewing a grievance, the Executive Deputy Secretary/designee shall determine whether the participant violated the conditions of his/her Drug Offender Treatment Program (DOTP) or was meaningfully participating in the DOTP. The Executive Deputy Secretary/designee may uphold or reverse the expulsion or take any other action that could have been taken by the Chief of the Department's Bureau of Treatment Services (BTS), Treatment Division, with respect to the alleged conduct at issue.

## E. Grievance Reports

1.  SOIGA provides a detailed monthly report to Central Office's administrative staff and Facility Managers indicating grievances filed, related trends, and any noted concerns. This report compares the previous year's grievance information to the current year's grievance information.

2.  Central Office's administrative staff review any noted concerns or elevated numbers with the Facility Managers.

3.  The Chief Grievance Officer meets with the Secretary, as necessary, to discuss any noted concerns or elevated numbers.

Issued: 1/26/2016
Effective: 2/16/2016

| | | | | |
|---|---|---|---|---|
| **SCI** | | | | |
| **INMATE APPEAL TO FACILITY MANAGER** | | | | |
| **GRIEVANCE** | | | | |
| **Inmate Number** | **NAME** | **HOUSING UNIT** | **DATE** | **GRIEVANCE#** |
| | | | | |

I received my initial response from the Grievance Office/Coordinator on _____ and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

INMATE SIGNATURE:_____

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 2 – Appeals***
Issued: 1/26/2016
Effective: 2/16/2016

***Attachment 2-A***

## INMATE APPEAL TO FINAL REVIEW
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| | | | | |

I received my appeal from the Superintendent on _____ and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**
**Appeals must relate to the issue presented in the initial grievance and 1st level appeal.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

INMATE SIGNATURE:_____

**Section 3 – Grievance Restriction or Grievance Restriction Extension**

**A. Grievance Restriction**

1. An inmate who has filed five grievances within a 30-day period which have been determined to be frivolous may be placed on grievance restriction.

   a. The maximum length of the grievance restriction period is 90 days.

   b. An inmate placed on grievance restriction shall be notified via the **Grievance Restriction Notice (Attachment 3-A)**.

   c. Once an inmate is placed on grievance restriction, he/she may file no more than one grievance each 15 working days.

   d. The grievance restriction period begins on the date of the written notice to the inmate of the grievance restriction.

   e. The 15 working day period during which one grievance may be filed begins on the 1st working day immediately following the date of the written notice to the inmate of the grievance restriction.

2. The frivolous grievances used to place an inmate on grievance restriction must be within a 30-day period from when the inmate initially filed the frivolous grievances (date of the first frivolous grievance received).

3. A grievance that was withdrawn after an initial review response has been distributed to the inmate shall be considered for grievance restriction if deemed frivolous by the Grievance Officer.

4. The Facility Grievance Coordinator shall provide the inmate with written notice of the grievance restriction on the **Grievance Restriction Notice** and the reason(s) for it.

   NOTE: A copy of the **Grievance Restriction Notice** shall be forwarded to the Regional Deputy Secretary, the Facility Manager and the Secretary's Office of Inmate Grievances and Appeals (SOIGA).

5. It is the inmate's responsibility to determine which issues to grieve while on grievance restriction.

6. An inmate will not be denied a **DC-804, Part 1** due to being placed on grievance restriction.

7. An inmate may appeal a grievance restriction and/or a grievance restriction extension in accordance with **Subsections B. & C. below**.

Issued: 4/27/2015
Effective: 5/1/2015

8. If the Facility Manager/designee determines during the grievance restriction review that the inmate has not submitted five frivolous grievances, the inmate may be removed from grievance restriction. The Regional Deputy Secretary and the SOIGA shall be notified that the restriction was lifted.

9. A prior grievance that was rejected cannot be used towards the number of five frivolous grievances when placing an inmate on grievance restriction. A grievance must be found frivolous in order to be used toward placement on grievance restriction.

10. If an inmate files one or more frivolous grievances while on grievance restriction, the Facility Manager may request an additional 30-day period of restriction through the Regional Deputy Secretary. A copy of the request shall be forwarded to the SOIGA for tracking purposes.

    NOTE: An inmate placed on grievance restriction extension shall be notified via the **Grievance Restriction Extension Notice (Attachment 3-B)** and he/she may file no more than one grievance each 15 working days.

11. A grievance restriction or grievance restriction extension issued at one facility will be continued if the inmate is transferred to another facility.

12. *A grievance restriction/extension may be suspended if an inmate is sent on an Authorized Temporary Absence (ATA)/Temporary Transfer (TT) for an extended period of time.*

## B. Appeal to Facility Manager

1. Inmate Responsibilities

    a. An inmate may appeal a grievance restriction or grievance restriction extension, to the Facility Manager in writing, within 15 working days from the date of the notice of a grievance restriction or grievance restriction extension.

    b. The **Grievance Restriction Notice** or **Grievance Restriction Extension Notice** must be received by the inmate before any appeal to the Facility Manager can be sought.

    c. Only the placement on grievance restriction or grievance restriction extension can be appealed.

    d. Each appeal must be clearly labeled as an appeal at the top of the document. The text of an appeal must be legible, understandable and presented in a courteous manner. The statement of facts must not exceed two pages, must contain reason(s) for the appeal and must be handwritten or typed on writing paper (two one-sided or one double-sided 8 ½" x 11" page), or may be submitted on the **Appeal to the Facility Manager Form** (refer to **Section 2** of this procedures manual).

Issued: 4/27/2015
Effective: 5/1/2015

2. Staff Responsibilities

   a. The appeal must be addressed by the Facility Manager/designee.

   b. A time extension for filing a grievance will be considered on a case-by-case basis. The inmate must notify the Facility Grievance Coordinator of the delay. The Facility Grievance Coordinator will consider the reason given and also consider if the delay was caused by:

      (1) a Temporary Transfer (TT) from the facility where the grievance should have been filed;

      (2) a permanent transfer to another facility from the facility where the grievance should have been filed;

      (3) ATA for an extended period;

      (4) another delay with mail delivery; or

      (5) any other reason the Facility Grievance Coordinator deems appropriate.

         NOTE: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

   c. The Facility Manager/designee shall notify the inmate using the **Facility Manager's Appeal Response** (refer to **Section 2** of this procedures manual) within 15 working days of receiving the appeal.

      (1) A brief statement of the reason(s) for the decision must be included.

      (2) Alternatively, the Facility Manager/designee may overturn the grievance restriction placement.

## C. Appeal to Final Review

1. Inmate Responsibilities

   a. The decision from the appeal to the Facility Manager must be received by the inmate before an appeal to Final Review can be sought.

   b. Any inmate who is dissatisfied with the disposition of an appeal from the Facility Manager may submit an **Inmate Appeal to Final Review Form** (refer to **Section 2** of this procedures manual) within 15 working days from the date of the Facility Manager/designee's decision). Only issues related to the placement of grievance restriction or grievance restriction extension may be appealed to Final Review.

3-3

    c. A time extension for filing a grievance will be considered on a case-by-case basis. The inmate must notify the Facility Grievance Coordinator of the reason for the delay. The Facility Grievance Coordinator will consider the reason given and also consider if the delay was caused by:

        (1) a temporary transfer from the facility where the grievance should have been filed;

        (2) a permanent transfer to another facility from the facility where the grievance should have been filed;

        (3) ATA for an extended period; or

        (4) another delay with mail delivery.

        NOTE: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

    d. An appeal to Final Review will not be permitted until the inmate has complied with all procedures established for grievance restriction or grievance restriction extension in accordance with **Subsections A. and B. above**.

    e. The text of an appeal to the SOIGA must be legible, understandable and presented in a courteous manner. The statement of facts must not exceed two pages, and must be handwritten or typed on writing paper (two one-sided or one double-sided 8 ½" x 11" page), or may be submitted on the **Inmate Appeal to Final Review Form** (refer to **Section 2** of this procedures manual).

    f. The appeal must contain a reason for appealing the Facility Manager/designee's decision.

    g. Every appeal to Final Review must be addressed to the following:

        Chief, Secretary's Office of Inmate Grievances and Appeals
        Department of Corrections
        1920 Technology Parkway
        Mechanicsburg, PA 17050

        NOTE: Failure to properly address the appeal will delay the process.

    h. An inmate appealing a grievance restriction or grievance restriction extension to Final Review is responsible for providing the SOIGA with all required documentation relevant to the appeal. This appeal paperwork must include:

        (1) a copy of the written notice of placement on grievance restriction or grievance restriction extension from the Facility Grievance Coordinator;

Case 1:20-cv-00235-SPB    Document 41-1    Filed 05/02/22    Page 67 of 72

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 3 – Grievance Restriction or Grievance Restriction Extension**

    (2)    the appeal of the grievance restriction or grievance restriction extension placement to the Facility Manager;

    (3)    the Facility Manager/designee's Response; and

    (4)    a written appeal to the SOIGA.

NOTE: The copies of the grievance restriction notice or grievance restriction extension and the Facility Manager/designee's Response cannot be handwritten. Failure to provide any of the documentation noted above may result in the appeal being dismissed.

i.    An indigent inmate as defined in Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"** will be afforded copy service and legal postage up to a maximum of $10.00 per month and all money received in the inmate's account shall be used to pay for the cost of the copies and legal postage. A non-indigent inmate will incur copying charges in accordance with Department policy **3.1.1, "Fiscal Administration."**

j.    Any documentation submitted in support of a grievance restriction or grievance restriction extension appeal will become part of the official record and will not be returned. The inmate should make copies of supporting documents, including facility documents, prior to submission to Final Review.

2.  Staff Responsibilities

    a.  The SOIGA will ensure that:

        (1)    an appeal to Final Review is responded to within 30 working days of receipt unless otherwise extended;

        (2)    the Chief of SOIGA may authorize an extension of up to 10 additional working days if the investigation of the appeal is ongoing. If an extension is necessary, the inmate shall be advised in writing. This may be done using the **Extension Form** (refer to **Section 1** of this procedures manual).

    b.  SOIGA will review the **Grievance Restriction Notice** or **Grievance Restriction Extension Notice**, the **Appeal to Facility Manager**, **Facility Manager/Designee's Response** and the **Appeal to Final Review**.

    c.  Upon completion of the review, SOIGA will respond directly to the inmate in all cases using the **Final Appeal Decision** or **Final Appeal Decision Dismiss** (refer to **Section 2** of this procedures manual). If the inmate is released/paroled, he/she must provide a forwarding address to SOIGA. SOIGA will forward the Final Review response to the address provided or, if no address is provided, to the last address of record for the inmate.

Issued: 4/27/2015
Effective: 5/1/2015

    d.  SOIGA will issue a decision with one of the following dispositions: Uphold Response, Uphold Inmate, Dismiss, or Uphold in Part/Deny in Part. The Chief/designee, SOIGA, shall notify the inmate and the Facility Manager of the decision and rationale.

    e.  The Chief, SOIGA, in consultation with the Secretary, shall take any action deemed necessary to ensure the integrity of this policy. This includes, but is not limited to:

        (1)   prohibiting the transfer of an inmate until the grievance procedure has been completed, including the appeal process; and

        (2)   lifting a previously imposed grievance restriction.

    f.  The Chief/designee, SOIGA/designee shall notify the Facility Manager in those cases where the suspension of an inmate's transfer is being considered pending the disposition of the appeal process.

    g.  If an inmate who has filed a grievance is transferred prior to the appeal process being completed, the inmate may continue to pursue the grievance or appeal by notifying the Facility Manager of the facility where the grievance was originally filed. Adjustments shall be made to the various time limitations in order to allow for review.

Issued: 4/27/2015
Effective: 5/1/2015

**Automated Inmate Grievance Tracking System** – A computerized system maintained by the Secretary's Office of Inmate Grievances and Appeals designed to store and retrieve data and trends pertaining to the Inmate Grievance System.

**Appeal to Facility Manager** – The second step of the formal Initial Grievance process during which the Facility Manager/designee reviews the decision of the Grievance Officer.

**Chief, Secretary's Office of Inmate Grievances and Appeals** – A management level employee assigned to the Secretary's Office of Inmate Grievance and Appeals by the Secretary to oversee the inmate grievance and appeal process, train field staff, and respond to appeals.

**Courteous Manner** – The grievance and/or appeal should be written without the use of abusive language, profanities, name calling, etc.

**Department** – The Pennsylvania Department of Corrections.

**Facility Grievance Coordinator** – The Corrections Superintendents Assistant (CSA)/designee in a facility, or a Community Corrections Regional Director/designee, who is responsible for the overall administration of the Inmate Grievance System in that facility/region. This includes determining whether the grievance was filed in compliance with the policy, as well as the data collection, tracking, and statistical reporting.

**Facility Manager** – The Superintendent of a State Correctional Facility, State Regional Correctional Facility, or Motivational Boot Camp, Director of a Community Corrections Center or the Director of the Training Academy.

**Final Review** – The third step of the formal Initial Grievance process during which the Secretary's Office of Inmate Grievances and Appeals reviews the decision of the Facility Manager/designee.

**Frivolous Grievance** – A grievance is frivolous when it is found that the allegations or the relief sought lack any arguable basis in law, fact and/or policy.

**Grievance** – A formal written complaint by an inmate related to a problem encountered during the course of his/her confinement.

**Grievance Rejection Form** – The form used to return a grievance to an inmate when the grievance is not in compliance with this procedures manual.

**Grievance Officer** – An appropriate Department Head or management level staff person designated by the Facility Grievance Coordinator to provide initial review of an inmate grievance arising from his/her specific area of responsibility (a Unit Manager would be assigned to provide initial review of a grievance regarding a housing unit).

**Grievance Restriction** – A limitation on the number and frequency of grievances an inmate may file.

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Glossary of Terms**

**Initial Review** – The first step of the Initial Grievance process during which a Grievance Officer reviews an inmate grievance.

**Retaliation** – An act of vengeance or threat of action against an inmate or staff in response to an inmate complaint of a problem. Examples include, but are not limited to, unnecessary discipline, intimidation, unnecessary changes in work or program assignments, unjustified transfers or placements, unjustified denials of privileges and services.

**Secretary** – The Secretary of the Department of Corrections.

**Secretary's Office of Inmate Grievances and Appeals (SOIGA)** – The office responsible for review and disposition of all appeals to Final Review arising under this policy.

**Working Days** – For the purposes of this policy, working days are Monday through Friday, excluding state holidays.

# EXHIBIT

# E

# Inmate Query - Cell History

Inmate Apps     Inmate Inquiry     Reports     Photos     JNET

4/27/2022 2:17:53 PM |CR2PRODWEB03|

JNet Inmate

LS1066

New Search

## Offender Details

| | |
|---|---|
| **Name:** TOOTLE, Brian | **CL/Prog.cd:** 4 Y |
| **DOB:** | **Sex:** Male |
| **PBPP #:** | **SID:** |
| **RRRI:** | **JRI2 Status:** |
| | **RHU Status:** |

| | |
|---|---|
| **Housing Unit:** G -B -2059-01 | **Inmate Status:** ACTIVE |
| **Race:** Black | **Perm Location:** Forest |
| **FBI #:** | **Temp Location:** |
| **Counselor:** Slatzer, Lisa N | **Detainers:** YES |
| **Length Of Stay:** 0 | |

| Location | Building | Section | Cell Dorm. | Bed No. | House Status | Sec. Level | Cust. Level | Date In | Date Out | Date Entered |
|---|---|---|---|---|---|---|---|---|---|---|
| GRA | | | Hold | | | | | 09/16/2014 | 09/16/2014 | 09/16/2014 19:35 |
| GRA | E | B | 1083 | 01 | GP | 3 | | 09/16/2014 | 10/24/2014 | 10/24/2014 08:49 |
| GRA | A | B | 2030 | 02 | GP | 3 | 3 | 10/24/2014 | 11/14/2014 | 11/14/2014 06:03 |
| 005 | B1 | 32 | BUS | | | | 3 | 11/14/2014 | 11/14/2014 | 11/14/2014 08:51 |
| CAM | | | Hold | | | | | 11/14/2014 | 11/14/2014 | 11/14/2014 16:24 |
| CAM | R | A | 2059 | 02 | DCC | 4 | 4 | 11/14/2014 | 11/24/2014 | 11/24/2014 08:56 |
| CAM | C | A | 1001 | 02 | DCC | 4 | 4 | 11/24/2014 | 01/29/2015 | 01/29/2015 17:56 |
| CAM | C | A | 1008 | 02 | DCC | 4 | 4 | 01/29/2015 | 03/19/2015 | 03/19/2015 06:40 |
| CAM | V1 | 47 | BUS | | | | 4 | 03/19/2015 | 03/19/2015 | 03/19/2015 14:48 |
| FRS | E | B | 2044 | 02 | GP | 4 | 4 | 03/19/2015 | 05/26/2015 | 05/26/2015 13:22 |
| FRS | | | Hold | | | | | 03/19/2015 | 03/19/2015 | 03/20/2015 11:35 |
| FRS | E | B | 1010 | 02 | GP | 4 | 4 | 05/26/2015 | 05/28/2015 | 05/28/2015 13:44 |
| FRS | E | B | 1005 | 02 | GP | 4 | 4 | 05/28/2015 | 06/09/2015 | 06/09/2015 12:15 |
| FRS | | | Hold | | | | | 06/09/2015 | 06/09/2015 | 06/09/2015 12:15 |
| FRS | E | B | 1024 | 02 | GP | 4 | 4 | 06/09/2015 | 07/01/2015 | 07/01/2015 13:04 |
| FRS | E | B | 2061 | 01 | GP | 4 | 4 | 07/01/2015 | 02/05/2016 | 02/05/2016 11:45 |
| FRS | E | B | 2061 | 02 | GP | 4 | 4 | 02/05/2016 | 02/05/2016 | 02/05/2016 11:45 |
| FRS | E | B | 2054 | 02 | GP | 4 | 4 | 02/05/2016 | 03/04/2016 | 03/04/2016 08:38 |
| FRS | | | Hold | | | | | 03/04/2016 | 03/04/2016 | 03/04/2016 08:38 |
| FRS | E | B | 2058 | 02 | GP | 4 | 3 | 03/04/2016 | 07/27/2016 | 07/27/2016 18:18 |
| FRS | J | B | 1001 | 01 | RHU | 5 | 5 | 07/27/2016 | 08/22/2016 | 08/22/2016 13:36 |
| FRS | | | Hold | | | | | 08/22/2016 | 08/22/2016 | 08/23/2016 08:00 |
| FRS | B | A | 2043 | 02 | GP | 4 | 3 | 08/22/2016 | 09/13/2016 | 09/14/2016 09:43 |
| FRS | B | A | 1025 | 02 | GP | 4 | 3 | 09/13/2016 | 09/13/2016 | 09/13/2016 09:44 |
| FRS | B | A | 1014 | 01 | GP | 4 | 3 | 09/13/2016 | 11/17/2016 | 11/18/2016 09:10 |
| FRS | B | A | 2033 | 01 | GP | 4 | 3 | 11/17/2016 | 01/19/2017 | 01/19/2017 09:59 |
| FRS | | | Hold | | | | | 01/19/2017 | 01/19/2017 | 01/19/2017 09:59 |
| FRS | B | A | 2033 | 02 | GP | 4 | 3 | 01/19/2017 | 07/19/2017 | 07/19/2017 10:02 |
| FRS | | | Hold | | | | | 07/19/2017 | 07/21/2017 | 07/21/2017 09:59 |
| FRS | B | A | 2033 | 01 | GP | 4 | 4 | 07/21/2017 | 07/21/2017 | 07/21/2017 10:06 |
| FRS | B | A | 2033 | 01 | GP | 4 | 4 | 07/21/2017 | 11/27/2017 | 11/27/2017 10:22 |
| FRS | | | Hold | | | | | 11/27/2017 | 11/27/2017 | 11/27/2017 10:23 |
| FRS | B | A | 1006 | 01 | GP | 4 | 4 | 11/27/2017 | 12/26/2017 | 12/27/2017 08:59 |
| FRS | B | A | 2033 | 01 | GP | 4 | 4 | 12/26/2017 | 04/25/2018 | 04/26/2018 09:28 |
| FRS | | | Hold | | | | | 12/26/2017 | 12/26/2017 | 12/27/2017 09:02 |
| FRS | B | A | 2033 | 01 | GP | 4 | 3 | 04/25/2018 | 06/15/2018 | 06/18/2018 15:44 |
| FRS | | | Hold | | | | | 06/15/2018 | 06/15/2018 | 06/18/2018 15:47 |
| FRS | B | A | 2033 | 02 | GP | 4 | 3 | 06/15/2018 | 05/11/2019 | 05/13/2019 09:52 |
| FRS | J | A | 2022 | 01 | RHU | 5 | 5 | 05/11/2019 | 05/23/2019 | 05/24/2019 08:31 |
| FRS | A | B | 2050 | 02 | GP | 4 | 3 | 05/23/2019 | 05/28/2019 | 05/28/2019 11:06 |
| FRS | A | B | 2050 | 02 | GP | 4 | 3 | 05/28/2019 | 07/09/2019 | 07/09/2019 15:22 |
| FRS | | | Hold | | | | | 07/09/2019 | 07/09/2019 | 07/09/2019 15:23 |
| FRS | A | B | 2042 | 01 | GP | 4 | 3 | 07/09/2019 | 07/10/2019 | 07/10/2019 12:18 |
| FRS | A | B | 2042 | 01 | GP | 4 | 3 | 07/10/2019 | 11/12/2019 | 11/13/2019 09:06 |
| FRS | | | Hold | | | | | 11/12/2019 | 11/15/2019 | 11/15/2019 10:07 |
| FRS | A | B | 2042 | 01 | GP | 4 | 3 | 11/15/2019 | 04/24/2020 | 04/24/2020 08:26 |
| FRS | G | B | 1013 | 02 | GP | 4 | 3 | 04/23/2020 | 05/13/2020 | 05/14/2020 06:21 |
| FRS | | | Hold | | | | | 04/24/2020 | 04/23/2020 | 04/27/2020 09:17 |
| FRS | G | B | 2042 | 01 | GP | 4 | 3 | 05/13/2020 | 07/27/2020 | 07/28/2020 11:01 |
| FRS | | | Hold | | | | | 07/27/2020 | 07/27/2020 | 07/28/2020 11:01 |
| FRS | G | B | 2058 | 02 | GP | 4 | 3 | 07/27/2020 | 08/27/2021 | 08/27/2021 07:40 |
| FRS | G | B | 2059 | 01 | GP | 4 | 3 | 08/27/2021 | Current | 08/27/2021 07:40 |