IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN TOOTLE,

        Plaintiff,    :   No. 1:20-cv-0235

V.                     :   Judge Baxter
                     :   Magistrate Judge Lanzillo

CORRECTIONAL OFFICER LONG,

        Defendant,

## PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

### I. STATEMENT OF THE CASE

Plaintiff, Brian Tootle, initiated this law suite by filing a Motion for Leave to Proceed in forma Pauperis on August 13, 2020. (ECF 1). Plaintiff Complaint was ultimately docketed September 29, 2020. (ECF 14). Plaintiff Complaint alleges Defendant Long violated his right to freely exercise his religion when Defendant Long violated his right to freely exercise his religion when Defendant Long confiscated his religious materials and denied him access to these text during his confinement in the RHU. (ECF 14). Plaintiff alleges Defendant Long violated his rights under the Free Exercise Clause of the First Amendment and his rights under the Free Exercise Clause of the First Amendment and his rights protected by RLUIPA. (ECF 14). Defendant Long filed a Motion to Dismiss Plaintiff's claim on December 28, 2020. (ECF 21,22). This Court issued a Report and Recommendation on July 19, 2021, granting in part and denying in part Defendant's Motion. (ECF 26). Therein, this Court dismissed Plaintiff's RLUIPA claim. (See ECF 26). On August 13, 2021, the Report and Recommendation was adopted as the opinion of this Court. See (ECF 27). Consequently, Plaintiff's only claim remaining is his alleged violation of Plaintiff's only claim remaining is his alleged violation of Plaintiff's Free Exercise of Religion under the First Amendment. See (ECF 26, 27).

## II. STANDARD OF REVIEW

### PRO SE LITIGANT

A court must employ less stringent standards when considering (2018 U.S. Dist Lexis 3) pro se pleadings then when judging the work product of an attorney. Haines v. Kerner. 404 U.S. 519, 519, 520-521, 92 S. Ct. 594, 30 L. Ed 2d 652 (1972).

### MOTION FOR SUMMARY JUDGEMENT

Summary Judgement shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgement as a matter of law. Fed. Civ. P. 56(a). To withstand summary judgement (2021 U.S. Dist. LEXIS 24) an issue of fact in dispute must be both genuine and material, i,e., one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. Anderson, 477 U.S. at 248.

## III. MATERIAL FACTS IN DISPUTE

Plaintiff response to Defendant's Material Facts Not In Dispute will be incorporated herein, by way of referencing Plaintiff's Statements of Matter of Fact attached to his Motion for Cross Summary Judgement. (ECF No. 46). As well as the Appendix of Attached Exhibits filed herein for the sake of developing the legal issue. Thus, no further exposition of the facts will be included herein.

## IV. ARGUMENT

### A. PLAINTIFF'S CLAIM IS PROPERLY EXHAUSTED UNDER THE PLRA

Defendant Long avers that Grievance No. 804599 does not allege his involvement, nor is he identified in any of the subsequent appeals. See (ECF 40 ¶¶ 14,15,16). Such an assertion is belied by the summary judgement record itself. Rather, Grievance No. 804599 unequivically

identifies Defendant Long in the prelude, as well as section B of Plaintiff's Initial Inmate Grievance. See (ECF 47 ¶¶ 24,25).

As a result, Plaintiff respectfully aver that his Initial Inmate Grievance and subsequent appeals adequately comports with the mandatory exhaustion requirements delineated in The Prison Litigation Reform Act 42 U.S.C § 1997e(a). Porter v. Nussle, 534 U.S. 516 (2002). Thus, fully completing the administrative review process applicable to the prison grievance system. Jone v. Bock, 549 U.S. 199 (2007). Id.

Furthermore, Plaintiff's allegation of retaliation asserted within Grievance No. 804599, is irrelevant at this juncture. As their is no allegation of retaliation set forth in Plaintiff's Complaint. Rather, that which is inescapable here, is Defendant Long's accountability for his subsequent constitutionally offensive actions. When he refused to furnish Plaintiff with his Qur'an during his 13 days in the RHU. See (ECF 47 ¶¶ 13,14,18,24,26). All of which substantiates Plaintiff's properly exhausting his administrative remedies.

## B. DEFENDANT LONG IS NOT ENTITLED TO SUMMARY AS A MATTER OF LAW

Plaintiff respectfully contends that Defendant Long has failed to meet his burden. Therefore, he is not entitled to summary judgement at this juncture. Insofor, his motion for summary judgement should be denied for the forthcoming reasons:

Summary Judgement shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to summary judgement as a matter of law. Fed. R. Civ. P. 56(a). To withstand summary judgement (2021 U.S. Dist. Lexis 24) an issue of fact in dispute must be both genuine and material, i,e., one upon which a reasonable fact finder could base a verdict for the non-moving party and one that is essential to establishing the claim. Anderson id.

Defendant Long argues that denying Plaintiff his religious text in the RHU should be upheld because this action was reasonably related to a

legitimate penological interest. And that Plaintiff has failed to provide any evidence that his exercise of religion was burdened. See (EXF 39 ¶¶ 11). Such postulations are false, contrary to law, and the summary judgement record itself.

Under The Supreme Court's decision in Turner v. Safely, a prison regulation that "impinges on inmates' constitutional rights" is "valid if it is reasonably related to legitimate penological interest." Turner v. Safely, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987). A four-part test applies for assessing the overall reasonableness of the regulation: (1) whether the regulation or practice bears a "valid, rational connection" to a legitimate or neutral governmental objective; (2) whether prisoners have an alternative way of exercising the circumscribed right; (3) "[what] impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether alternatives exist that fully accommodate the prisoner's rights at de minimis cost to valid penological interest. See Turner v. Safely, 482 U.S. at 89-90, 107 S. Ct. 2254 (1987).

Here, Defendant Long fails to satisfy any of the Turner/Safely factors. However, DOC 801 "Inmate Discipline Policy", perfectly aligns with Plaintiff being accommodated with his religious material while being a Disciplinary Custody inmate housed in the RHU. See (ECF 47 ¶¶ 11,17,33). Thus vitiating Defendant's assertion of cell contents being of critical penological interest.

Defendant Long further avers "Plaintiff was free to pray and fast during Ramadan." See (ECF 39 ¶¶ 11). However, such an assertion does not stand as an alternative for plaintiff to exercise his circumscribed right. Turner v. Safely. As stated in Sutton v Rasheed:

Here, while the Plaintiffs had access to <u>the Bible and Qur'an and could pray in their cells and celebrate Ramadan and other religious holidays</u>, they were deprived of texts which provide critical religious instruction and without they couldn't practice <u>(U.S. App. LEXIS 48)</u> there

4

religion generally. 33 in (323 F3d 256). [T]o illustrate this principal, while we believe that a Christian inmate could practice their religion generally even if prevented from attending Christmas or Easter services, [w]e don't believe he could practice his religion <u>if deprived access to the Bible. U.S. App. LEXIS 51.</u> id.

Tellingly, Sutton makes clear that Plaintiff's exercise of religion was substantially burdened by Defendant Long refusing to furnish him with his Qur'an. Thus, Plaintiff was not able to exercise his religion in absence of his Qur'an. <u>Sutton</u> id. All of which was severely exasperated, due to it being the blessed month of Ramadan. <u>See</u> (ECF 47 ¶¶ 20,30,33).

## V. <u>CONCLUSION</u>

For all of the foregoing reasons stated herein, Plaintiff Tootle respectfully avers that Defendant Long has failed to meet his burden. Therefore, he is not entitled to summary judgement as a matter of law on Plaitiff's remaining claim.

Respectfully submitted,

<u>/s/Brian Tootle</u>
BRIAN TOOTLE
Pro Se Plaintiff
SCI Forest
P.O. Box 945
Marienville, Pa 16239

Date: October 13, 2022

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN TOOTLE,  :
       Plaintiff : No. 1:20-cv-0235
        :
V. : Judge Baxter
        : Magistrate Judge Lanzillo
CORRECTIONAL OFFICER LONG, :
        :
       Defendant :

## CERTIFICATE OF SERVICE

I, Brian Tootle, Pro Se, Plaintiff hereby certify that on October 13, 2022, I caused to be served a true and correct copy of the foregoing document titled "PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT" to the following:

### via U.S. Postal Service

United States District Court Western District Court
Western District Of Pennsylvania
Richard A. Lanzillo, U.S. Magistrate Judge
17 South Park Row
Erie, PA 16501

                                                 By: /s/Brian Tootle
                                                     BRIAN TOOTLE

Annamarie Truckley                  Pro Se Plaintiff
Office Of Attorney General           SCI Forest
1251 Waterfront Place               P.O. Box 307
Mazzanine Level                        Marienville, PA 16239
Pittsburgh, PA 15222

October 13, 2022