## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN TOOTLE, | ) | |
| **Plaintiff,** | ) | **C.A. No. 20-235 Erie** |
| | ) | |
| v. | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| CORRECTIONAL OFFICER LONG, | ) | |
| **Defendant.** | ) | |

## FINAL PRETRIAL ORDER

**AND NOW**, this 8th day of June, 2026, the Court **HEREBY ORDERS** as follows:

### A. Final Pretrial Orders:

1. **Jury Selection & Trial.** Jury selection and trial are set for **Tuesday, September 15, 2026** at **1:30 PM**, in **Courtroom A**, United States Courthouse, 17 South Park Row, Erie, Pennsylvania.

2. **Pretrial Conference.** A final pretrial conference shall be held on **Tuesday, September 15, 2026**, at **10:00 AM**, in Chambers A-240.

3. **Exchange of Witness Lists and Exhibits**.

   a. Plaintiff shall file and serve his list of trial witnesses, listing separately the witnesses he will call and the witnesses he may call if needed (other than purely for impeachment). For each witness listed Plaintiff shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Plaintiff's witness list and offers of proof shall be due by **August 14, 2026.**

1

b. Defendants shall file and serve their list of trial witnesses, listing separately the witnesses they will call and the witnesses they may call if needed (other than purely for impeachment). For each witness listed, Defendants shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Defendants' witness list and offers of proof shall be due by **August 21, 2026.**

c. All exhibits must be exchanged and marked in advance of trial. Copies are to be provided for the Court in binders properly labeled ("Plaintiff's Exhibits" and "Defendants' Exhibits") **at least two (2) days in advance of trial**, unless otherwise ordered by the Court. In addition, counsel shall be prepared to compile and agree to a single exhibit binder ("Joint Exhibit Binder") containing the most significant exhibits that will be submitted to the jury at the close of trial. Counsel shall plan to submit twelve (12) copies of the Joint Exhibit Binder (eight (8) for the jury and four (4) for the Court). Each Joint Exhibit Binder shall contain twenty (20) sheets of lined notebook paper provided for the jury to take notes. Additionally, a chart shall be provided to the Court, in hard copy and email form, identifying each exhibit by numbers and name, providing a brief description of the nature of the objection (if any), and a space for the Court's ruling on the objections(s). Objections will be resolved at or before the pretrial conference.

d. Voluminous data shall be presented by summary exhibits pursuant to Fed.R.Evid. 1006, and voluminous exhibits shall be redacted to eliminate

2

irrelevant material (which shall remain available for examination by opposing counsel). Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

4. **Designation of Discovery Excerpts to be Offered at Trial.** The parties shall submit designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment) by **August 31, 2026.** Counter designations are due by **September 7, 2026.**

5. **Motions**. The parties shall file all motions in limine, including motions under Fed. R. Evid. 104(a) and motions to limit or sever issues, together with supporting briefs or memoranda of law, by **August 31, 2026.** Responses shall be filed by **September 4, 2026.** All briefs supporting or opposing such motions are limited to five (5) pages.

6. **Proposed Jury Instructions & Verdict Slips**. Counsel shall meet in an attempt to agree on a joint set of proposed substantive jury instructions regarding Plaintiff's claims and their elements, any defenses and their elements, and any evidentiary or other matters particular or unique to this case; the parties need not submit "boilerplate" or standard civil jury instructions. After said meeting, and on or before **September 9, 2026**, counsel shall file a joint combined set of proposed jury instructions and verdict slip, and provide the same in Word format to the Court via email at baxter_external@pawd.uscourts.gov. The filed set of instructions shall include both the agreed upon instructions and the proposed instructions to which the parties have not agreed. Each agreed upon instruction shall include the following notation at the bottom: "This proposed instruction is agreed upon by the parties." Each instruction to which the parties have not agreed shall indicate at the bottom the

name of the party proffering the instruction. Proposed instructions by different parties shall be grouped together. The Court will not accept separate proposed jury instructions from the parties. A charging conference will be held, at which time a ruling will be made on each point for charge and a copy of the Court's proposed charge will be supplied to counsel. Counsel are required to state objections to the proposed charges at the charging conference and to supply the alternate language, together with case authority.

7. **Proposed Voir Dire**. The parties are permitted to supplement the standard questions provided that the proposed supplemental voir dire questions are submitted to the Court in writing by **September 4, 2026.**

8. **Joint Stipulations**. The parties shall file joint stipulations by **September 4, 2026.** All possible stipulations shall be made as to:

   a. Facts (both liability and damages);

   b. Issues to be decided;

   c. The authenticity and admissibility of exhibits;

   d. Expert qualifications and reports;

   e. Deposition testimony to be read into the record and

   f. A brief statement of the claims and defenses to be read to the jury to introduce the trial.

   Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

## B.  Trial Procedure

1. **Trial Hours/Days.** Generally, cases will be tried Monday through Friday from 9:30 a.m. to 4:30 p.m., with breaks as appropriate. Judge Baxter will meet with counsel before and after these appointed times to discuss trial/evidentiary issues. These times may be changed in order to give special consideration to jurors traveling from a great distance.

2. **Exhibits**. Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

3. **Opening Statement and Closing Argument.** The Court suggests that thirty (30) minutes is generally appropriate for each side to present opening and closing statements, depending on the complexity of the case. Counsel may use exhibits or charts in opening statement provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter. In the event, counsel expects to take more than thirty minutes, counsel should request permission from the Court.

4. **Side Bar Conferences.** The Court believes that counsel should be considerate of the jurors' time. Consequently, side bar conferences are highly disfavored because they waste the jury's time and unduly extend the length of the trial. Counsel will meet with the Court at 9:00 a.m. each day (or earlier if necessary to ensure that trial commences on time) each day to raise points of evidence or other issues that would otherwise necessitate a side bar conference. The Court will also be available at the end of the court day to resolve such matters. Failure to raise issues at that time will generally

result in a disposition of the in-court objection in the presence of the jury. If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch or for the day.

In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters out of the presence of the jury. The Court will not delay the proceedings to respond to last minute requests for conferences to discuss matters which, in the exercise of reasonable diligence, could have been heard at the morning conference.

5. **Witness List.** Prior to the commencement of the trial, counsel shall provide opposing counsel with a complete witness list, and shall provide opposing counsel throughout the trial with the actual list of the next day's witnesses by 5:00 p.m. in the order they are expected to be called. The same procedure will be employed by both sides at the end of each trial day. Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

6. **Written Jury Instructions.** The jury will be provided with a copy of the jury instructions for its use during deliberations.

7. **Exhibits in Jury Room.** Exhibits will generally be provided to the jury for their deliberations, so long as counsel agree upon the exhibits that are to be provided and the exhibits are not contraband.

8. **Jury Questions.** If a question is submitted to the Court, the Judge will discuss the question with counsel prior to giving an answer to the jury.

9. **Availability of Counsel during Jury Deliberations**. All counsel must be available in person or by telephone during jury deliberations.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge